FILED
16 OCT 19 PM 2:13

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-25718-6 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BRITTANY EASTON, an individual<br><br>Plaintiff,<br><br>v.<br><br>ASPLUNDH TREE EXPERTS, CO.,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff BRITTANY EASTON, by and through her attorneys of record, Jenna M. Labourr and Young-Ji Ham of Washington Injury Lawyers, PLLC, and alleges as follows:

I. **INTRODUCTION**

1. This is an action for damages sustained by a female citizen of Elma, Washington against Defendant who, through its intentional conduct and conscious disregard for Plaintiff, caused her to suffer personal and physical injury, humiliation, and degradation as well as severe mental and emotional distress and deprivation of her civil and constitutional rights.

COMPLAINT FOR DAMAGES - 1

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

## II. PARTIES

2. Plaintiff BRITTANY EASTON is an individual residing in Elma, Grays Harbor County, Washington.

3. Defendant ASPLUNDH TREE EXPERTS, CO. is now, and at all times material hereto has been, a corporation organized and existing under the laws of the State of Pennsylvania. It is registered to operate and in fact transacts business in the State of Washington, including King County. Defendant ASPLUNDH TREE EXPERTS, CO. regularly employs more than eight (8) people and is defined as an employer under the Washington Law Against Discrimination ("WLAD") (RCW 49.60).

## III. JURISDICTION

4. Jurisdiction is proper pursuant to RCW 4.28.185(1) (a). Defendant transacts business in the State of Washington and Plaintiff's claim arises from Defendant's transaction of business in this State.

## IV. VENUE

5. Venue properly lies in King County, Washington pursuant to RCW 3.66.040(4) and (8). Defendant resides in King County because it transacts business there. It was a resident of King County when the events occurred, which give rise to this claim.

## V. STATEMENT OF FACTS

6. Plaintiff BRITTANY EASTON is a 28-year-old female who was employed by Defendant ASPLUNDH TREE EXPERT, CO. (hereafter "Asplundh") as a flagger from October,

COMPLAINT FOR DAMAGES - 2

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

2014 to August 7, 2015. She was briefly re-hired on or about September 27, 2015, but was again laid off on or about October 27, 2015.

7. Joe Mel, Sr. was employed as a Crew Supervisor and directly supervised Plaintiff during her employment at Asplundh. At all times relevant to this cause of action, Mr. Mel was an employee of Asplundh and Asplundh had control over Mr. Mel's actions.

8. Plaintiff was the only female on the team overseen by Mr. Mel.

9. Plaintiff was proficient at her job and did not receive any write-ups during her employment with Asplundh.

10. From the time she began working for Asplundh in October 2014, Plaintiff experienced continuous sexual harassment from Mr. Mel. Mr. Mel engaged in discriminatory and harassing acts, both verbal and physical, on a daily or near-daily basis. The behavior consisted of inappropriate comments, jokes, and sexual innuendos, including, but not limited to:

   a. ***Inappropriate comments regarding Mr. Mel's wife.*** On one occasion, Mr. Mel told Plaintiff that his arm tattoo is placed as it is so he "know[s] where to stop fisting [his] wife." On another occasion, during a conversation about DVDs, Mr. Mel told Plaintiff that he and his wife only watch porn DVDs.

   b. ***Inappropriate comments related to Ms. Easton's relationship with her boyfriend.*** Mr. Mel suggested on a number of occasions that Plaintiff's back pain, caused by an injury that occurred outside of work, was actually the result of letting her boyfriend "bend[] [her] over and pull[] [her] hair" during sexual activity.

COMPLAINT FOR DAMAGES - 3

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

      c.     ***Inappropriate invasion of space.*** Mr. Mel invaded Plaintiff's personal space and would place his hands within inches of Plaintiff's breasts.

      d.     ***Inappropriate comments regarding food.*** On one occasion, Plaintiff asked Mr. Mel about a meatball sandwich he made and he said, "Oh, you're asking me about my balls."

11. Plaintiff consistently told Mr. Mel she did not like the comments and that he could not speak to her that way.

12. Mr. Mel's discriminatory and harassing conduct culminated in an occurrence where Mr. Mel watched Plaintiff relieve herself without her knowledge or permission. On or around June 9, 2015, Plaintiff went into the forest at a work site in order to relieve herself. This was the common practice of Asplundh employees as most job sites were in the middle of the woods without restroom facilities. Mr. Mel was inside a "bucket" on a "boom truck"—a truck which has a standing platform (the "bucket") which can be maneuvered and positioned for the purpose of doing work high above a person's ordinary reach. Mr. Mel positioned the bucket on the boom truck toward Plaintiff in order to watch her while she relieved herself in the forest. Plainitff was completely unaware that he was doing this at the time and believed she had total privacy at the time. When Plaintiff exited the bushes, Dario Vargas and Chad Sweitzer asked her if she ever felt like she was being watched and they pointed up. When she looked up, she saw Mr. Mel in the bucket still boomed up over the bushes and he smiled and waved at her. Plaintiff found this incident deeply disturbing. Mr. Sweitzer and Mr. Vargas told Mr. Mel to stop this behavior. For several days following this event, Mr. Mel laughed and joked about what he did.

COMPLAINT FOR DAMAGES - 4

13. Following the bucket incident, Mr. Mel's behavior continued to escalate. On July 2, 2015, Plaintiff's work crew had a barbecue with Crew Supervisor Terry Lonborg's crew. Despite the fact Plaintiff had repeatedly told Mr. Mel not to touch her, Mr. Mel approached Plaintiff with his hands extended toward her breasts. Within inches of her, he said, "I should just twist your little titties." Mr. Sweitzer yelled at Mr. Mel, "You have already been warned" and "that is enough[,] it stops now."

14. A week or two later, Plaintiff was drinking milk while flagging at a work site. Some of the milk spilled on the side of the container and she licked it. In response, Mr. Mel said to her, "Stop! You're making my wiener twitch." Plaintiff informed Mr. Sweitzer of this comment over the radio.

15. Plaintiff complained to Mr. Lonborg about Mr. Mel's behavior. Mr. Sweitzer also made Mr. Lonborg aware of Mr. Mel's behavior. Mr. Lonborg did not ask for specifics of the situation, but he did report the harassment to Asplundh General Foreman, Rob Fly. Ms. Easton also talked with her cousin, Steve Easton, who worked for the Grays Harbor Public Utility District ("PUD") about her issues with Mr. Mel. The PUD also brought the matter to Mr. Fly's attention through PUD employee Jeff McClain. Mr. Fly told Mr. McClain not to worry about the situation, as he was "taking care of it."

16. Following the notifications from the various sources, Mr. Fly spoke to Mr. Mel about Plaintiff's complaint about the bucket incident and told Mr. Mel to be more professional.

17. Mr. Mel retaliated against Plaintiff and her supportive coworkers once he became aware Plaintiff had made a complaint. Mr. Mel continuously refused to allow Plaintiff and

COMPLAINT FOR DAMAGES - 5

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

fellow flagger, Mr. Sweitzer, appropriate breaks for use of bathroom facilities or getting water for more than three hours at a time. The temperature during the summer was extremely hot, more than 90 degrees. Other employees under Mr. Mel were permitted to take breaks. Mr. Mel also told Plaintiff and Mr. Sweitzer that policies had changed so that he could keep them working on the road longer and away from him. He also forced Plaintiff to flag on the other side of the road, which was not customary.

18. When Mr. Mel was asked to stop these discriminatory actions, he laughed, said he was not doing anything wrong, and continued the discriminatory and harassing behavior.

19. Mr. Fly did not reach out to Plaintiff regarding the problems she was having with Mr. Mel or speak with her at all about the incident. Plaintiff reached out to Mr. Fly herself a week or so after the bucket incident, on or around July 27, 2015. She contacted Mr. Fly and asked if she could talk to him. He responded that he would be out to her work site that day or at the shop when the crew got back. He did not show up that day. A few hours into work the following day, July 28, 2015, Mr. Fly arrived at the work site. He informed her that he would not get Mr. Mel in trouble but, if anything else happened, Plaintiff should let him know.

20. After Mr. Fly spoke with Plaintiff, he spoke with Mr. Mel. Following this conversation, Mr. Mel ignored Plaintiff and Mr. Sweitzer for the rest of the day.

21. Mr. Mel continued his pattern of retaliatory behavior directed at Plaintiff and her supportive coworkers. In the following days, Mr. Mel made several comments around the site, loud enough for Plaintiff to hear, including, and in the spirit of "now I have to be professional."

COMPLAINT FOR DAMAGES - 6

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

22. Mr. Mel also repeatedly hugged Plaintiff, saying, "See, I didn't cross any lines," and made other similar comments. This physical contact was not welcome and Mr. Mel was aware of this, given that Plaintiff had consistently told him not to touch her. The first time he hugged her in this manner was the day after Mr. Fly spoke with him on July 29, 2015. On that day, Mr. Mel approached Plaintiff from behind and hugged her, smiling. Mr. Sweitzer and Mr. Vargas witnessed the hug.

23. Mr. Mel would also continually tell Plaintiff that his direct superior, Mr. Fly, was "like a father to him" and "[had] his back." He was concerned that she would say anything about his behavior to Mr. Fly or anyone from PUD.

24. Plaintiff complained again to Mr. Fly on or around August 6, 2015. She was laid off the following day under the pretense of budget constraints. Plaintiff alleges that she was in fact fired as a result of her complaints of Mr. Mel's inappropriate, harassing, and discriminatory behavior. Plaintiff's cousin, who worked at the PUD, confirmed to Plaintiff that there were no budget constraints.

25. An investigation was conducted in early September and concluded on September 9, 2015. Asplundh determined that Mr. Mel's behavior only warranted a suspension of five days for Mr. Mel. This disciplinary action was not a meaningful or adequate response to the months of sexual harassment experienced by Plaintiff.

26. Plaintiff was re-hired on September 28, 2015. Mr. Mel was restricted from interacting with her.

COMPLAINT FOR DAMAGES - 7

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

27. On or around October 7, 2015, Mr. Mel drove twenty-five miles out of the way from his current job site to Plaintiff's job site. Mr. Mel made his presence known to Plaintiff and tried to intimidate her by yelling to her from his truck while driving away.

28. Plaintiff complained to Mr. Fly about this intimidating behavior and the next day, October 8, she met with the Regional Manager for Asplundh, Shawn Shapiro, and another manager at Asplundh, Reggie Charlesworth. Mr. Shapiro told Plaintiff he knew she was going through a lot but to just ignore the harassment.

29. No further action was taken in response to Mr. Mel's continuing harassing behavior even though Mr. Mel had been restricted from interacting with Plaintiff and had clearly violated this restriction.

30. Plaintiff was laid off again on October 27, 2015 under the pretense of budget cuts and has not been offered any other jobs from Asplundh. Plaintiff spoke with her cousin at the PUD and confirmed that no such budget cuts were in effect.

31. Asplundh was aware or should have been aware of the discriminatory harassment carried out by Mr. Mel against Plaintiff from July 18, 2015 at the latest, when Mr. Fly became aware of Mr. Mel's conduct that summer (including the bucket incident, the milk incident, the "titty twister" incident, the continuing other inappropriate comments, and the retaliatory behavior).

32. Asplundh did not promptly or adequately address Plaintiff's complaints. Asplundh management told her, "That's just Joe." When she complained that the harassment continued, Ms. Easton was laid off under the pretense of budget problems. Asplundh did not

perform an investigation until September 2015. Asplundh's response to Mr. Mel's admitted misconduct was inadequate and ineffective. Although it found Mr. Mel had engaged in discriminatory harassment, Asplundh only suspended him for five days. When Plaintiff complained after Mr. Mel continued to harass her, Asplundh again laid her off.

## VI.   FIRST CLAIM FOR RELIEF

(Sex Discrimination in Violation of the WLAD)

33. Plaintiff is a female and a member of a protected class. Asplundh treated Plaintiff differently from those of the other sex—males.

34. Asplundh discriminated against Plaintiff on the basis of her sex in the terms and conditions of her employment in violation of the WLAD.

35. As a direct and proximate result of Asplundh's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, anxiety, mortification, loss of good health, and emotional and physical distress, for damages in an amount to be proven at trial.

## VII. SECOND CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

36. The acts described herein committed by Asplundh were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon Plaintiff and/or were done with reckless disregard as to whether such acts would cause Plaintiff severe emotional distress.

COMPLAINT FOR DAMAGES - 9

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

37. At no time did Plaintiff consent or acquiesce to any of Defendant's acts alleged above.

38. As a direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, anxiety, mortification, loss of good health, and emotional and physical distress, for damages in an amount to be proven at trial.

## VIII. THIRD CLAIM FOR RELIEF

(Respondeat Superior)

39. Asplundh is liable for all actions of their employees, managers, and supervisors under the Doctrine of Respondeat Superior. The conduct of these employees, managers, and agents was implicitly ratified by Defendant and involved sex discrimination and intentional infliction of emotional distress.

## IX. FOURTH CLAIM FOR RELIEF

(Negligent Hiring and Supervision and Failure to Train)

40. Asplundh was negligent in training, hiring, managing, and supervising their managers, supervisors, employees, and agents. Asplundh was aware or should have been aware of the unlawful actions of their managers, supervisors, employees, and agents and the failures to correct the wrongful conduct.

41. Asplundh, through the conduct of its managers, supervisors, employees, and agents ran its business in such a way as to present a risk of both physical and psychological harm

COMPLAINT FOR DAMAGES - 10

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

to Asplundh employees. Asplundh knew that Mr. Mel's predatory behavior posed a risk to others, particularly young female employees like Plaintiff.

42. As a direct and proximate result of Defendant's discriminatory conduct of its business and failure to adequately train, hire, manage, and supervise its managers, supervisors, employees, and agents, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, anxiety, mortification, loss of good health, and emotional and physical distress, for damages in an amount to be proven at trial.

## X. FIFTH CLAIM FOR RELIEF

(Hostile Work Environment)

43. At all times, the discriminatory conduct of Asplundh through its employee, Joe Mel, Sr., was unwelcome.

44. Asplundh's unwelcome conduct toward Plaintiff resulted in a discriminatory environment in which she was forced to endure sexual harassment in order to receive the benefits of her employment. The actions of Defendant and its managers, supervisors, employees, and agents interfered with Plaintiff's ability to perform her job in a professional environment, created a workplace permeated with discriminatory intimidation, ridicule, and retaliation and which amounted to a hostile work environment in violation of the WLAD.

45. As a direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, anxiety, mortification, loss of good health, and emotional and physical distress, all to her damage in an amount according to proof at trial.

COMPLAINT FOR DAMAGES - 11

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 I F: (206) 866-0208

# XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant, granting Plaintiff:

A. A declaratory judgment that the acts, policies, and practices of Defendant, as complained of herein, violated the rights of Plaintiff as secured by state laws;

B. General damages to be proven at trial;

C. All exemplary damages allowable by law;

D. Prejudgment interest on all amounts claimed;

E. Reasonable attorney's fees and costs of suit incurred herein; and

F. For such other and further relief as the Court may deem just.

DATED this 19th day of October, 2016.

WASHINGTON INJURY LAWYERS, PLLC

_____
Jenna Labourr, WSBA No. 44555
Young-Ji Ham, WSBA No. 46421
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 12

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208