THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| BRITTANY EASTON, | CASE NO. 2:16-cv-01694-RSM |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS RUSS PERISHO** |
| ASPLUNDH TREE EXPERTS, CO., | **Note on Motion Calendar:** |
| Defendant. | Friday, September 1, 2017 |

## I. INTRODUCTION

COMES NOW the Plaintiff Brittany Easton (hereafter "Plaintiff") and moves to exclude from trial the testimony of Russ Perisho (hereafter "Perisho"). In the alternative, if Perisho is permitted to testify, Plaintiff moves to allow its human resources expert, Maureen Clark, to testify on behalf of Plaintiff in her case in chief, as Defendant did not indicate that a human resources expert would be disclosed prior to the expert witness disclosure deadline. There would be no prejudice to Defendant as discovery is ongoing and no depositions have been taken yet, including

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 1

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

Perisho's.

Perisho's qualifications and testimony do not meet the criterion for experts set forth in *Daubert* v. *Merrill Dow Pharms., Inc.,* 509 U.S. 579 (1993) and *Kumho Tire Co.* v. *Carmichael,* 526 U.S. 137 (1999). Accordingly, his testimony is not sufficiently reliable. Plaintiff's claims in this matter include sex discrimination, harassment, hostile work environment, and retaliation in violation of the Washington Law Against Discrimination. Perisho, by his own admission, is not now, nor has he ever been employed in human resources in any capacity or had any formal education in human resources. Declaration of Young-Ji Ham, Exhibit 1 – Russ Perisho Report, p. 1. His career of over thirty years has been solely as an employment and labor law defense attorney with occasional work as a hearing officer in faculty disputes at the University of Washington and workplace investigations of discrimination and misconduct allegations for private employers and public entities. *Id*. His late-disclosed report, dated August 9, 2017, does not provide a statement of qualifications and is merely a summary of his curriculum vitae. It is without foundation and insufficient on its face to allow him to testify as a human resources expert in Defendant's case in chief.

Perisho's opinions of reasonableness invade the province of the jury and should be excluded. His opinions are subjective with no scientific analysis or specific standards. As he states in his report, they are common-sense, and a jury does not need to hear such common-sense opinions from an expert, which merely confuse rather than aid them in understanding the evidence. Therefore, Perisho's testimony should be excluded from trial.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual background

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 2

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

Plaintiff was hired as a flagger by Asplundh in October 2014. She was subjected to sexual harassment by her foreman, Joe Mell, Sr., during the course of her employment on a continuous basis. She reported the harassment to another foreman and a supervisor. When Mell found out she reported him, he began retaliating against her. Soon after, on August 7, 2015, she was laid off, then briefly re-hired on September 27, 2015, then again laid off on October 27, 2015.

**B. Procedural Background**

Plaintiff filed this lawsuit on or about October 19, 2016 in King County Superior Court. Defendant removed it to this Court on or about November 2, 2016. The parties filed a joint status report and discovery plan on or about December 22, 2016, which set July 12, 2017 as the deadline to disclose expert testimony under FRCP 26(a)(2). On July 11, 2017, the parties agreed to modify this deadline and disclose experts on July 12, 20167, but allow for Defendant's expert reports to be disclosed at a later date in approximately two to three weeks. See Dec. of Ham, Exhibit 1 – Email from Jenna Labourr to Casey Bruner and Francis Floyd, dated August 7, 2017. On August 9, 2017, Defendant produced Russ Perisho's report, two days before the deadline to file motions related to discovery. *Id*.

### III. ARGUMENT AND AUTHORITIES

**A. Perisho has no foundation for his opinions.**

Federal Rule of Evidence 702 provides the standard applicable to the admission of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 3

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

**(b)** the testimony is based on sufficient facts or data;

**(c)** the testimony is the product of reliable principles and methods; and

**(d)** the expert has reliably applied the principles and methods to the facts of the case.

Perisho does not possess the specialized knowledge that will help the jury understand the evidence. In his report, Perisho has no mention of any professional experience in human resources. Dec. of Ham, Exhibit 2 – Report of Russ Perisho, p. 1. He is merely an attorney who has spent his entire professional career defending employers from anti-harassment and anti-discrimination claims. *Id*. He has never implemented policies and procedures nor even managed a company, such as Asplundh, as a human resources professional. This is not a sufficient foundation, as a matter of law, to form and express opinions regarding the standard of care of reasonableness of a company's anti-harassment and anti-discrimination policies.

**B.**     **Perisho's Anticipated Testimony.**

**1.**     **Perisho proposes to opine at trial that Defendant's conduct was reasonable.**

Perisho's Report states, in part:

1. The Company implemented and publicized appropriate anti-discrimination and anti-harassment policies, which were regularly provided to their employees. **Based on a review of the records, Asplundh took reasonable steps to publicize the policy with its employees. Asplundh's anti-discrimination anti-harassment policy, if implemented as written, should be considered to be an effective employer program to prevent and address unlawful sex harassment consistent with HR best practices, Washington legal requirements and common-sense considerations**.

2. The Company responded reasonably promptly when it learned that harassing and offensive behavior may have occurred which could be in violation of the Company's policies. **I conclude based on the available facts that the Company conducted a reasonably prompt investigation, consistent with HR best practices, Washington legal requirements and common-sense considerations**.

3. The Company conducted an appropriate investigation to gather and determine the relevant facts. . . **The investigation was promptly initiated and concluded**. Based on these facts and other factors, I conclude that the Company conducted a reasonably

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 4

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

      thorough investigation, consistent with HR best practices, Washington legal requirements and common-sense considerations.

4. The Company took actions that were reasonably calculated to end harassing and offensive behavior. . . **Here, given the totality of the circumstances, a one work week suspension is reasonably proportionate to the offense** . . . . A primary disciplinary goal under best HR practices and the law is not punishment; rather, the employer must initiate steps reasonably calculated to provide a harassment-free workplace for its employees and prevent future violations of the employer's policy. That occurred here.

*Id.*, pp. 2 – 3 (emphasis added).

Any opinions of reasonableness testified to by Perisho necessarily invade the province of the jury and should be excluded. They serve to confuse the jury and do not assist in any way whatsoever.

### C. Defendant's Expert's Testimony Must Meet The Standards For Sufficiency Under FED. R. EVID. 702.

Expert testimony is admissible under Fed. R. Evid. 702 if the following conditions are satisfied: (1) the expert is qualified; (2) the testimony will assist the trier of fact; and (3) the methodology underlying the testimony is valid *i.e.*, the testimony is based upon sufficient facts and is the product of reliable principles and methods, and these principles and methods have been reliably applied to the facts of the case. FED. R. EVID. 702; *Daubert* v. *Merrill Dow Pharms., Inc.,* 509 U.S. 579 (1993); *McCullock* v. *H.E. Fuller Co.,* 61 F.3d 1038, 1042 (2d Cir. *1995); In re Joint E. &* s. *Dist. Asbestos Litig.,* 52 F.3d 1124 (2d Cir. 1995).

In *Daubert,* the Supreme Court emphasized that the trial judge must act as a gatekeeper to ensure that the standard of evidentiary reliability is satisfied. 509 U.S. at 590, 597. There, the Court analyzed Rule 702, noting that "[t]he adjective 'scientific' implies a grounding in the

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 5

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

methods and procedures of science. Similarly, the word 'knowledge' *connotes more than subjective belief or unsupported speculation." Id*. at 590 (emphasis added). Further, in *Kumho Tire Co.* v. *Carmichael,* the Supreme Court held that *Daubert* applies not only to testimony based on "scientific knowledge" but also to testimony based on "technical" and "other specialized" knowledge. 526 US. 137, 141 (1999). Thus, this Court must ensure that scientific evidence upon which an expert's opinion is founded is both "relevant and reliable"—*i.e.,* that the expert's conclusion is based on methods and principles of science. *Id; see also United States* v. *Kwong,* 69 F.3d 663, 668 (2d Cir. 1995).

### D. Defendant Has The Burden Of Proving The Admissibility Of Its Expert's Proposed Testimony.

The "task of the trial judge" under *Daubert* is to ensure that expert testimony is both reliable and relevant as a condition for its admission. Indeed, the Supreme Court has observed that, since *Daubert,* "parties relying on expert evidence have had notice of the *exacting standards of reliability* such evidence must meet." *Weisgram* v. *Marley Co.,* 528 US. 440, 455 *(2000), aff'd* 169 F.3d 514 (8th Cir. 1999) (emphasis added). Even though Plaintiffs have moved to exclude Defendant's expert's testimony for failure to meet the exacting reliability and relevance standards, Defendant, not the Plaintiffs, have the burden under Rule 104(a) of the Federal Rules of Evidence of proving the admissibility of their expert's testimony by a preponderance of proof. *Daubert,* 509 US. at 592 n.10. *See also Nook* v. *Long Island R.R. Co.,* 190 F. Supp. 2d 639, 666 (S.D.N.Y. 2002) ("The proponent of the evidence must demonstrate admissibility to the satisfaction of the Court under Rule 104(a) by establishing scientific or technical reliability by a preponderance of the proof"). As discussed below, Defendant has failed to meet this burden.

When the expert's testimony is based on experience as opposed to scientific analysis, given the reliability requirement of Daubert and Rule 702, the trial court must determine how that experience enables the expert to reach a reliable conclusion on the facts of the case at hand. *See, e.g.*, *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004); Rule 702, 2000 adv. committee comments. If the expert is unable to point to a specific standard, describe its source, or explain how the standard is derived from the expert's specific experience, the testimony may be questioned as simply offering the expert's subjective reaction to a particular set of facts, rather than the application of expertise. Here, Perisho has not and cannot point to anything in his experiential background that qualifies him to form and express opinions on the standard of care or reasonableness of human resources policies and procedures involving harassment, discrimination, hostile work environment, and retaliation.

This principle has been applied to expert opinions in the context of various industries. *See Kaufman v. Pfizer Pharmaceuticals, Inc.*, 2011 WL 7659333, at 9 (S.D. Fla. Aug. 4, 2011) (expert must identify an objective, established industry standard); *Birge v. Dollar Gen. Store*, 2006 WL 5175758 (W.D. Tenn. Sept. 28, 2006) (standard of care testimony excluded where expert could point to no specific safety measures established by industry standard); In re *Pempro Prods. Liab. Litig.*, 2010 WL 5576305, at *2 (E.D. Ark. June 29, 2010) (without a specific standard, experts' testimony "could only be a subjective opinion on what they believed Defendants could have done rather than what industry or governmental standards require them to do").

**E.    Defendant's Expert's Testimony Does Not Satisfy The Exacting Standards Of Reliability And Relevance Established By *Daubert* And, Therefore, Should Be Excluded Under FED. R. EVID. 702.**

**1.    Perisho should not be allowed to testify because his opinions are not sufficiently reliable under the *Daubert* factors.**

The *Daubert* analysis requires a determination of whether Perisho's proposed opinions are

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 7

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

reliable. FED. R. EVID. 104(a). Perisho intends to opine at trial that:

> "Based on a review of the records, Asplundh took reasonable steps to publicize the policy with its employees. Asplundh's anti-discrimination anti-harassment policy, if implemented as written, should be considered to be an effective employer program to prevent and address unlawful sex harassment consistent with HR best practices, Washington legal requirements and common-sense considerations."
>
> "[T]he Company conducted a reasonably prompt investigation, consistent with HR best practices, Washington legal requirements and common-sense considerations."
>
> "The Company conducted an appropriate investigation to gather and determine the relevant facts. . . The investigation was promptly initiated and concluded
>
> "The Company took actions that were reasonably calculated to end harassing and offensive behavior."

The core of any *Daubert* analysis is the connection between the expert's opinions and the basis for those opinions. As the Supreme Court noted in *Kumho Tire,* the key inquiry for admissibility is whether the expert's experience specifically relates to the case at hand. *Kumho Tire.* 119 S. Ct at 1178 (issue is whether "this particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case") (citation omitted).

The Tenth Circuit reversed the trial court's decision to allow the testimony of an expert who was an attorney as he was not qualified to testify about whether a search was improper based on "a hypothetical of the facts". The Court held that the expert was acting as a "legal expert" who usurps the function of the court. The purpose of the expert's testimony was to provide the jury with legal standards and the Court held that such testimony cannot be allowed. *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988); *see also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct.188 (1977) (error for the trial court to allow a lawyer to render his opinions on the legal obligations arising from a contract and on the legal significance of various facts in evidence).

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 8

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

Similarly, in *Arjangrad v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. at 2, LEXIS 71745 (2012), like Perisho, an employment lawyer with 21 years of experience representing and advising employers on employment law was excluded as an expert because he possessed no formal education, training, or work experience pertaining to human resources other than what he had gained as an employment lawyer.

Likewise, in *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984), the Sixth Circuit reversed the trial court's decision to allow a bankruptcy judge to testify regarding his interpretation of the Bankruptcy Act. The Court noted, "It is the function of the trial judge to determine the law of the case . . . It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." The Court found such testimony would be "directing a verdict rather" than assisting the trier of fact and weighing the evidence. *Id*. *See also Mouradian v. Bankers Multiple Line Ins. Co.*, No. 95-55794,1996 WL 515409 (9th Cir. Sept. 10, 1996) (attorney with no underwriting experience precluded from testifying on insurance). An expert with industry experience in the specific area of testimony is required**.**

Perisho's opinions are biased, as his professional experience has only involved defending employers from harassment and discrimination, and he lacks the qualifications of a human resources expert as an attorney with no industry experience. On the contrary, a qualified human resources expert would have industry practice, supported by degrees and certifications, by working in human resources and implementing, creating, and learning about proper guidelines, protocols, and policies. For the foregoing reasons, Perisho's testimony should be excluded.

### IV. CONCLUSION

*Daubert* and its progeny make clear that "[p]roposed [expert] testimony must be supported

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 9

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

by appropriate validation." 509 U.S. at 591. Perisho's testimony is unreliable, unqualified, would not assist the trier of fact, and is therefore inadmissible under *Daubert* and Rules 702 and 104(a) of the FED. R. EVID. Based on the foregoing authority and argument, Plaintiff respectfully requests that this Court exclude Defendant's expert witness, Russ Perisho, from providing expert opinion testimony at trial. In the alternative, if the Court denies Plaintiff's motion, Plaintiff moves to allow its human resources expert, Maureen Clark, to testify in her case in chief. There would be no prejudice to Defendant as discovery is ongoing and no depositions have been taken yet, including Perisho's. Dec. Ham, Exhibit 3 – C.V. of Maureen Clark.

DATED this 17th day of August, 2017.

**WASHINGTON INJURY LAWYERS, PLLC**

*/s/Young-Ji Ham*

Jenna M. Labourr, WSBA #44555
Young-Ji Ham, WSBA #46421
Attorney for Plaintiff

PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 10

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

# CERTIFICATE OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | |
|---|---|
| Francis S. Floyd, WSBA #10642 | [  ] Via Facsimile |
| Casey M. Bruner, WSBA #50168 | [  ] Email per E-service Agreement |
| Floyd, Pflueger & Ringer, P.S. | [  ] Via U.S. Mail |
| 200 West Thomas Street, Suite 500 | [X] Via CM/ECF |
| Seattle, WA 98119 | |
| ffloyd@floyd-ringer.com | |
| cbruner@floyd-ringer.com | |
| **Attorneys for Defendant** | |

Dated this 17th day of August, 2017 at Seattle, Washington.

*/s/Young-Ji Ham*

_____
Young-Ji Ham, WSBA #46421

PLAINTIFF'S MOTION TO EXCLUDE          WASHINGTON INJURY LAWYERS, PLLC
DEFENDANT'S EXPERT WITNESS - 11        2211 ELLIOTT AVE, SUITE 200
                                       SEATTLE, WA 98121
                                       P: (425) 312-3057 | F: (206) 866-0208