**THE HONORABLE RICARDO S. MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTANY EASTON,<br><br>                    Plaintiff,<br><br>        v.<br><br>ASPLUNDH TREE EXPERTS, CO.,<br><br>                    Defendant. | CASE NO. 2:16-cv-01694-RSM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS RUSS PERISHO**<br><br>**Note on Motion Calendar:**<br><br>**Friday, September 1, 2017** |

## I. REPLY

Defendant argues that Russ Perisho has training, experience, knowledge, and education to qualify him to speak on the standards and practices of human resources. Mr. Perisho is qualified to speak as a lawyer who defends employers from potential lawsuit from employees. His education and knowledge is in the law, not in human resources. He has not worked one day in a human resources capacity. One's knowledge as a lawyer does not qualify him or her to be an expert in whatever area they practice. It is irrelevant that Mr. Perisho "spent thirty years working at Perkins

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 1

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

Coie, one of the nation's largest law firms." He worked there defending employers from lawsuits – that has nothing to do with enforcement of human resources policies and procedures. Does every lawyer become an expert in whatever area they practice? Mr. Perisho would possibly be qualified as a legal expert on defending employment claims, not a human resources expert. Mr. Perisho has only been called upon as a lawyer when he is defending an employer from a lawsuit or a claim. He only has knowledge in defensive claims or litigation strategies or perhaps how employers can avoid lawsuits or liability. This is not what a human resources specialist does on a day to day basis – they create, implement, enforce, and manage employees on policies and procedures. Mr. Perisho has only advised employers – he has never created, implemented, enforced, or managed employees. Any professional, not just a lawyer, may have assisted with a company's hiring, training, evaluation, compensation, and termination. That does not make that person a human resources expert. Every publication and training that Mr. Perisho has conducted is for lawyers or HR groups relative to employment and labor law. It is not to train HR groups about HR policies and procedures because those training are conducted by HR professionals, not lawyers. All his knowledge is attributable to law and avoiding legal liability.

As in *Arjangrad v. JP Morgan Chase Bank*, N.A., No. 3:10-cv-01557-PK, 2012 U.S. Dist. LEXIS 71745 (D. Or. May 23, 2012), Mr. Perisho should be excluded because he is solely relying on documentation provided to him by defense counsel. Although the defendant states that Mr. Perisho was provided with the entire investigation file, witness statements, the employment handbook, policies and procedures, training videos, and each individual's personnel file, these are all documents within defendant's possession that were created by defendant. Mr. Perisho's report is based on documentation only from defense counsel – a biased, bought opinion. Like *Arjangrad*, this Court should find that his opinions are based on insufficient facts and data.

Defendant argues that Mr. Perisho's opinions are relevant and helpful to the jury, including whether the investigation was promptly completed and whether the discipline imposed was reasonably sufficient. These are opinions that may be provided to the jury by lay witnesses,

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 2

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

including Rob Fly, the general foreman of Asplundh, and Shawn Shapiro, the regional manager in charge of hiring, firing, and discipline. Laypeople on the jury understand whether a punishment was sufficient or whether an investigation was prompt – this is common sense. Every person on the jury will have had a job and been involved or know of coworkers or have personal experience in such aspects of employment. A lawyer testifying to such topics will only confuse the jury and usurp the function of both the Court and the jury.

Mr. Perisho is distinguishable from the expert in *Matthews v. Waukesha Cty.*, No. 10-C-440, 2012 U.S. Dist. LEXIS 27486 (E.D. Wis. Mar. 1, 2012) because the HR expert in that case had experience in HR. The expert was qualified as an HR expert based on his experience and training in the field in employment and hiring practices, unlike Mr. Perisho who is merely an attorney. The expert in *Matthews* was a professor in HR Management curriculum and was well-versed in developing, reviewing, and analyzing staffing procedures involving recruitment and hiring practices. Mr. Perisho's C.V. only involves experience as an attorney and defending employers from liability. Mr. Perisho is exactly like the experts who were excluded in *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) and *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505(2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct.188(1977), which were cited in Plaintiff's Motion to Exclude (p. 8; 19 – 26) where attorneys were excluded for acting as "legal experts" who usurp the function of the court.

Defendant argues that the Federal Rules of Civil Procedure do not allow for rebuttal witnesses. This is incorrect. As this Court is aware, according to FRCP 26(a)(2)(D), if there is no court-ordered deadline, FRCP 26 states expert disclosures must be made 90 days before trial or, for evidence solely to rebut evidence, 30 days after the other party's disclosure. The deadline for disclosing the rebuttal expert does not run until the other side fully complies with the disclosure requirements, including the report. FRCP 26(a)(2)(D)(ii). Accordingly, the deadline to file the rebuttal expert witness disclosure is September 8, 2017, which is 30 days after the defendant

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 3

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

disclosed Mr. Perisho's report. At such time, Plaintiff's HR expert, Maureen Clark, will provide her rebuttal opinions.

In light of the foregoing, the Court should grant Plaintiff's Motion to Exclude Defendant's HR Expert, Russ Perisho. In the alternative, if the Court denies the motion, Plaintiff's rebuttal HR expert, Maureen Clark, should be allowed to testify in Plaintiff's case in chief.

DATED this 1st day of September, 2017.

**WASHINGTON INJURY LAWYERS, PLLC**

*/s/Young-Ji Ham*

Jenna M. Labourr, WSBA #44555
Young-Ji Ham, WSBA #46421
Attorneys for Plaintiff

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 4

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208

**CERTIFICATE OF SERVICE**

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | |
|---|---|
| Francis S. Floyd, WSBA #10642 | [ ] Via Facsimile |
| Casey M. Bruner, WSBA #50168 | [ ] Email per E-service Agreement |
| Floyd, Pflueger & Ringer, P.S. | [ ] Via U.S. Mail |
| 200 West Thomas Street, Suite 500 | [X] Via CM/ECF |
| Seattle, WA 98119 | |
| ffloyd@floyd-ringer.com | |
| cbruner@floyd-ringer.com | |
| **Attorneys for Defendant** | |

Dated this 1st day of September, 2017 at Seattle, Washington.

*/s/Young-Ji Ham*

_____
Young-Ji Ham, WSBA #46421

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT WITNESS - 5

WASHINGTON INJURY LAWYERS, PLLC
2211 ELLIOTT AVE, SUITE 200
SEATTLE, WA 98121
P: (425) 312-3057 | F: (206) 866-0208