UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| BRITTANY EASTON, | CASE NO. C16-1694 RSM |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| v. | |
| ASPLUNDH TREE EXPERTS, CO., | |
| Defendant. | |

THIS MATTER having come before the above-entitled Court on Defendant's Motion for Protective Order (Dkt. #19), and the Court having considered the files and records herein, including:

1. Defendant's Motion for Protective Order; Declaration of Casey M. Bruner in Support of Motion for Protective Order and Exhibits;

2. Plaintiff's Response to Defendant's Motion for Protective Order; Declaration of Jenna M. Labourr in Support of Plaintiff's Response to Defendant's Motion for Protective Order and Exhibits; and

3. Defendant's Reply;

It is hereby ORDERED:

ORDER - 1

The Court agrees with Plaintiff that Defendant failed to engage in a good faith meet and confer prior to filing its motion. Defendant's counsel asserts that it "attempted to resolve this issue through correspondence" to avoid Court intervention, but was forced to file the motion to protect her client's interests. Dkt. #20 at ¶ 3. Such conduct does not comport with the Court's Local Rules. Indeed, Local Civil Rule 1(c)(6) specifically defines "meet and confer" as "a good faith conference **in person or by telephone** to attempt to resolve the matter in dispute without the court's involvement." (emphasis added). Likewise, Local Civil Rule 26 provides:

> (1) Any motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

LCR 26(c)(1). Defendant argues that "nothing was hidden from any party," and that Plaintiff was aware of its issues prior to the filing of the motion. Dkt. #23 at 3. Accordingly, Defendant filed its motion because it would otherwise run out of time to do so. That may be true, but Defendant fails to acknowledge that it had the list of proposed 30(b)(6) topics five weeks prior to filing its motion, and the Notice of 30(b)(6) Deposition listing the deposition topics at least one week prior to filing its motion, but failed to make any meet and confer effort until the day any discovery motions were actually due. Thus, Defendant put itself in the position that a meet and confer effort may not be possible prior to the filing of a motion. That came to fruition when opposing counsel, who was out of the office, was unable to respond to the concerns in any meaningful manner on the same day she was made aware of the concerns. *See* Dkt. #22. Waiting

ORDER - 2

until the last minute to attempt a conference violates the spirit of the Court's Local Rules, and the resulting efforts do not satisfy the Court's meet and confer requirements.

Accordingly, Defendant's Motion for Protective Order (Dkt. #19) is DENIED. Plaintiff is permitted to re-schedule the 30(b)(6) deposition on the remaining topics at a mutually-convenient date and time. Defendant is further cautioned that any continued wholesale refusal to respond to the remaining topics may be considered a violation of this Order, and nothing in this Order precludes Plaintiff from making a future motion for sanctions should such action occur. However, this is not intended to indicate that the Court would automatically grant a motion for sanctions if it were made.

Finally, the Court declines to impose any award of fees and costs under Federal Rule of Civil Procedure 37(a)(5), as that Rule is not applicable to this situation. Here, Defendant made a motion for a protective order which was not granted. Plaintiff made no motion to compel (nor did she respond with a cross-motion), and therefore she is not entitled to an award of fees under Fed. R. Civ. Proc. 37.

DATED this 5 day of September, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3