IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON,

    Plaintiff,

v.

ASPLUNDH TREE EXPERTS, CO.,

    Defendant.

Case No. C16-1694RSM

ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT VANDENBELT AND IMPOSING SANCTIONS

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness Russell Vandenbelt, M.D. Dkt. #30. Plaintiff argues that Dr. Vandenbelt's testimony should be excluded because his expert opinions were not timely disclosed and they are not properly supported as required by FRE 702. *Id.* Defendant opposes the motion, arguing that there was an agreement between the parties allowing for a disclosure after the deadlines set in the Court's Scheduling Order. Dkt. #31. For the reasons set forth below, the Court now DENIES Plaintiff's Motion to Exclude.

## II. BACKGROUND

This is an employment action in which Plaintiff raises claims for violations of Washington's Law Against Discrimination ("WLAD") based on sex (female), intentional infliction of emotional distress, respondeat superior, negligent hiring and supervision and failure to train, and hostile work environment. Dkt. #1-1. Plaintiff alleges that she had been

ORDER– 1

hired by Defendant as a flagger and was subsequently sexually harassed by her male supervisor.[1] Dkt. #1-1 at ¶ ¶ 1-10. Plaintiff further alleges that after she reported the harassing behavior to another foreman and a supervisor, she suffered retaliation, Defendant failed to take appropriate corrective action, and she was eventually laid off. *Id.* at ¶ ¶ 12-32. Defendant denies those allegations. Dkt. #9.

Expert witness disclosures were originally due in this matter on July 12, 2017. Dkt. #12. On July 5, 2017, Defendant's counsel initiated discussions with Plaintiff's counsel regarding a potential motion to extend deadlines or a potential stipulation for the same. Dkt. #32, Ex. B. Ultimately counsel "agreed to share the names, CVs, and subjects of our experts tomorrow through a formal disclosure and that we will exchange expert reports at a later date." Dkt. #30-1, Ex. 4.

On August 11, 2017, Defendant's counsel provided Plaintiff's counsel with the preliminary report of Dr. Vandenbelt. Dkt. #30-1, Ex. 3. Dr. Vandenbelt noted that he had completed a records review and had four preliminary opinions. *Id.* He then noted that he understood he would be permitted to conduct a Rule 35 examination of Plaintiff and that he would be able to review the transcript of her deposition when available. *Id.* Accordingly, he reserved his final opinions until he was able to obtain that further information.

On August 30, 2017, the parties signed a stipulation for a Rule 35 examination of Plaintiff. Dkt. #32, Ex. C. In addition to setting parameters for the examination itself, the stipulation provided:

---

[1] While Defendant generally denies Plaintiff's allegations as characterized in her Complaint, Mr. Perisho's report notes that Defendant disciplined Plaintiff's supervisor for violating its "No Harassment Policy." Dkts. #9 and #21-1, Ex. 2 at 8.

ORDER– 2

9. Defendant's counsel may elect to use the Examiner as a consulting witness and not use the Examiner for any other purpose (in other words, make an election to *Motherhead* the witness). If Defendant's counsel makes this election, it shall do so within 45 days of the examination. If this election is made, then (1) Defense counsel shall not be required to produce the Examiner's report or other documentation to Plaintiff's counsel; (2) Plaintiff's counsel shall not have the right to depose the Examiner; and (3) Defense Counsel shall not be required to comply with the provisions of paragraphs 10 through 12.

## **POST EXAMINATION PRODUCTIONS**

10. The Examiner shall make a written report within thirty (30) days of the completion of his examination. The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests, as required by Federal Rule of Civil Procedure 35.

. . .

12. Defendant's counsel shall furnish the following items to the Plaintiff's counsel, within forty-five (45) days of the examination:

. . .

13. After the delivery of the report and the above information, the Plaintiff shall have the right to take a discovery deposition of the Examiner. . . .

. . .

16. The examination [of Plaintiff] shall occur on Friday, September 1, at 9:00 a.m. at . . . .

Dkt. #32, Ex. C.

On September 21, 2017, Plaintiff moved to exclude Dr. Vandenbelt as an expert witness.

ORDER– 3

### III. DISCUSSION

For reasons that are not entirely clear, Plaintiff initially sought to exclude Dr. Vandenbelt as an expert witness on the bases that he was not properly identified as an expert and that his opinions are not admissible under *Daubert* and FRE 702. Dkt. #30 at 1. After Defendant responded to the motion, pointing out that there had been several agreements between the parties to extend the dates for Dr. Vandenbelt's report, Plaintiff argued that she never extended the discovery deadline. Dkts. #31 and #33 at 2.[2]

Having reviewed the exhibits submitted by both parties in conjunction with this motion, the Court finds Plaintiff's argument nonsensical and disingenuous. If Plaintiff did not intend to allow Dr. Vandenbelt to produce a report after the discovery deadline, which was September 11, 2017, there would have been no purpose for much of the Rule 35 stipulation. Indeed the parties signed the stipulation just 12 days before the discovery deadline, with provisions that specifically allowed 1) a report to be drafted by Dr. Vandenbelt 30 days after the CR 35 examination (which was being held on September 1st); 2) that report to be provided to Plaintiff 45 days after the examination, if Defendant intended to use him as a testifying expert; and 3) for Plaintiff to depose Dr. Vandenbelt after receiving his report. Dkt. #32, Ex. C. Either counsel intended that those provisions have meaning and the parties would abide by them, or counsel signed the stipulation in bad faith knowing that she did not intend to allow Defendant to rely on those provisions. If counsel intended the

---

[2] Plaintiff acknowledges that she filed her Reply after the filing deadline, blaming an internal computer error. Dkt. #33 at 1. Defendant has moved to strike the Reply as untimely. Dkt. #35. While the Court notes that it is Plaintiff's responsibility to be aware of her own deadlines in this matter, regardless of internal computer systems, the Court will not strike the Reply as it provides information that the Court will rely on in reaching its decision in this matter.

ORDER– 4

latter, as it now seems, the Court will not condone such conduct. As a result, the Court will not strike Dr. Vandenbelt as an expert witness.

Defendant has sought $500 in sanctions for the necessity of responding to the motion. Dkt. #31 at 10. Given the circumstances of this motion, the Court finds such sanctions appropriate. Plaintiff's counsel has not justified her motion, which contradicts the stipulation she signed in this matter. Accordingly, sanctions will be assessed against counsel.

## IV. CONCLUSION

Having reviewed Plaintiff's motion, the opposition thereto, and reply in support thereof, along with the Declarations, exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Exclude (Dkt. #30) is DENIED.
2. Defendant's request for sanctions is GRANTED. The Court directs a $500.00 sanction against Plaintiff's counsel for bringing this motion. Such sanctions shall be paid to Defendant **no later than 14 days from the date of this Order.**

DATED this 10 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 5