IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON,

    Plaintiff,

v.

ASPLUNDH TREE EXPERTS, CO.,

    Defendant.

Case No. C16-1694RSM

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment. Dkt. #36. Defendant seeks dismissal of Plaintiff's claim for past and future lost wages, which purportedly arise from a claim for retaliatory discharge. *Id.* Defendant argues that because Plaintiff failed to plead such a cause of action, and has failed to provide a calculation of damages as required under the Federal Rules of Civil Procedure, the unpled claim and request for associated damages must be dismissed. *Id.* Plaintiff responds that Defendant has been on notice of a claim for retaliatory discharge since she filed her EEOC complaint prior to litigation, and that she has provided sufficient damages information, and therefore her claims should not be dismissed. Dkt. #40. For the reasons set forth below, the Court disagrees with Plaintiff, and GRANTS Defendant's Motion for Partial Summary Judgment.

ORDER– 1

## II. BACKGROUND[1]

This is an employment action in which Plaintiff raises claims for violations of Washington's Law Against Discrimination ("WLAD") based on sex (female), intentional infliction of emotional distress, respondeat superior, negligent hiring and supervision and failure to train, and hostile work environment. Dkt. #1-1. Plaintiff alleges that she had been hired by Defendant as a flagger and was subsequently sexually harassed by her male

---

[1] While the Court recognizes that on summary judgment it is required to view the facts in the light most favorable to the non-moving party, the Court notes that Plaintiff has failed to provide a statement of facts that comports with Federal Rule of Civil Procedure 56. *See* Dkt. #40 at 2. Indeed, Plaintiff asserts one paragraph of conclusory statements as her factual background, without a single citation to the record. Under Rule 56,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. Pro. 56(c). Further,

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> …
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it. . . .

Fed. R. Civ. Pro. 56(e).

ORDER– 2

supervisor. Dkt. #1-1 at ¶ ¶ 1-10. Plaintiff further alleges that after she reported the harassing behavior to another foreman and a supervisor, she suffered retaliation, Defendant failed to take appropriate corrective action, and she was eventually laid off. *Id.* at ¶ ¶ 12-32.

Plaintiff earned her flagger's card and joined the union in Grays Harbor County, where she was first dispatched out of the union hall. Typically, members of a union "wait until your name comes up to go out and work." Dkt. #38, Ex. 1 at 46:5-7. Her first job was with Davey Tree Service, however, "they lost the contract for Grays Harbor and Asplundh took over." *Id.* at 13:8-21. Plaintiff has acknowledged that flagging jobs are typically short term. For example, Plaintiff was a flagger for Coats, where she worked for only a week until "the job ended," and also for Stebbins until "the job ended." *Id.* at 37:8-25, 38:1-17, and 153:17-158:2. Further, she worked as a short-term flagger for BC Traffic, Chicks of All Trades, and Rognlin, among others, and also switched unions to get more jobs. *Id.* at 38:1-3, 38:24-39:3, and 163:7-24.

Plaintiff began working for Defendant when it needed flaggers to assist with a Contract for Vegetation Management Services and Emergency Storm Response that Defendant had with the PUD. She was one of two flaggers for that job. Dkt. #1-1 at ¶ 6 and Dkt. #37 at ¶ 3. Plaintiff alleges that while she performed her flagging duties from October 2014 to August 7, 2015, a male supervisor sexually harassed her. Dkt. #1-1. She reported the behavior, and Plaintiff was placed with a different crew. Dkt. #38, Ex. 1 at 57:15-16. Shortly after that, Plaintiff was laid off; however, she was rehired again on or around September 27, 2015, and continued working until she was laid off again in late October 2015. Dkt. #1-1 at ¶ 6.

ORDER– 3

Jeff McClain, the Contract Construction Superintendent for the PUD, oversaw and administered the Contract for Vegetation Management Services and Emergency Storm Response. Dkt. #37 at ¶¶ 2-3. The Contract was a "time and materials" contract. *Id.* at ¶ 4. "The total amount of work to be performed under th[at] Contract is the amount that the District requires, in its sole discretion." *Id.* at ¶ 4. Under the contract, the PUD scheduled the work of Defendant at its sole discretion. *Id.* at ¶ 5.

In August 2015, and at various times thereafter, Mr. McClain directed Defendant, through its General Foreman Robert Fly, to conduct work that did not require flaggers. *Id.* at ¶ 6. He did this in order to reduce the costs being incurred by the PUD. *Id.* Defendant laid off its two flaggers as a result. Defendant explained to Plaintiff that the lay-off was "due to budget cuts." Dkt. #38, Ex. 1 at 18:19-21, Ex. 2 at 37:22-38:4 and Ex. 3 at 105:6-17. Brief layoffs due to budget concerns were standard for the industry. *Id.*, Ex. 3 at 97:8-10. Defendant rehired Plaintiff again when the "the contract construction supervisor for the PUD told us that they had work that they need flaggers for." Dkt. #38, Ex. 3 at 110:1-5.

Plaintiff alleges in her Complaint that

> [She] complained [] to Mr. Fly on or around August 6, 2015. She was laid off the following day under the pretense of budget constraints. Plaintiff alleges that she was in fact fired for her complaints of Mr. Mel's inappropriate, harassing, and discriminatory behavior. . . .

Dkt. #1-1 at ¶ 24. She does not address the fact that she was rehired again on or around September 27, 2015, and continued working until she was laid off again in late October 2015, although she included the fact in her Complaint. Dkt. #1-1 at ¶ 6. Plaintiff did not plead a cause of action for retaliatory discharge. *See* Dkt. #1-1 at ¶¶ 33-45.

On December 21, 2016, Plaintiff provided her Initial Disclosures to Defendant. In those Disclosures she stated that she had "not determined all damages and claims for special

ORDER– 4

and general damages and Plaintiff will supplement this information." Dkt. #38, Ex. 4 at 5. She further stated that she may seek "compensatory damages for back pay, front pay, lost benefits and medical expenses." Dkt. #38, Ex. 4 at 5. On August 31, 2017, Plaintiff provided Supplemental Disclosures to Defendant repeating the same verbiage. *Id.*, Ex. 5 at 4. Subsequently, in her discovery responses, Plaintiff objected that inquiries about the amount of her wage loss claim was "beyond the scope of permissible discovery," but answered:

> Plaintiff has yet to consult with an economic loss or vocational expert to determine the actual damages. Plaintiff will supplement with that information as soon as it becomes available.

*Id.*, Ex. 6 at 10. Plaintiff does not dispute that, to date, she has not provided Defendant with a specific calculation of her alleged wage loss damages.

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).

ORDER– 5

However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Plaintiff's Alleged Claim for Retaliation

Defendant argues that Plaintiff's claim for past and future wage loss should be dismissed because she failed to plead a cause of action for retaliatory discharge. Dkt. #36 at 10-11. Plaintiff responds that she sufficiently pled a cause of action for retaliatory discharge because she included the necessary factual allegations in her Complaint, and because she had pled retaliatory discharge in her initial EEOC charge prior to litigation. Dkt. #40 AT 8-9. The Court is not persuaded.

As an initial matter, the Court notes that Plaintiff did not include an actual Cause of Action for retaliatory discharge. *See* Dkt. #1-1 at ¶¶ 33-45. Instead, she pleaded five causes of action as follows: 1) violation of Washington's Law Against Discrimination ("WLAD") based on sex (female); 2) intentional infliction of emotional distress; 3) respondeat superior; 4) negligent hiring and supervision and failure to train; and 5) hostile work environment. *Id.*

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement operates, in part, to ensure that a defendant has notice of the legal claims being brought against it, so that it may effectively defend itself. The allegations contained in Plaintiff's alleged fact section of her Complaint do not satisfy the

ORDER– 6

"short and plain statement" requirement included in Rule 8. Plaintiff alleges that she was laid off as a result of her complaints, under the pretext of budgetary constraints. Dkt. #1-1 at ¶ 24. However, because she failed to plead a corresponding cause of action for retaliatory discharge, she does not identify any legal basis for her claim. Plaintiff's failure to specifically allege the elements of retaliatory discharge restricted Defendant's ability to respond to the alleged cause of action or to conduct discovery on that cause of action, and makes it nearly impossible for the Court to evaluate the sufficiency of her allegations. Indeed, the Court cannot even determine whether she asserts a cause of action under state or federal law. As a result, the Court agrees that Plaintiff has failed to plead a cause of action for retaliatory discharge, and will be precluded from pursuing such a cause of action in this litigation.

Likewise, Plaintiff will be precluded from offering evidence of lost past and future wages. Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff was required to provide "a computation of each category of damages claimed" and to make available "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." Plaintiff argues that her production of tax documents and her own anticipated testimony has provided Defendant with enough information about her wage loss. The Court disagrees. At no point in this litigation did plaintiff quantify — even roughly — the amount of actual damages she suffered as a result of her layoff. In fact, she states she does not intend to ask for any specific amount at trial. However, making certain documents available and promising that someone (in this case Plaintiff) will testify regarding damages is not a "computation" and fails to apprise Defendant of the extent of its exposure in this case.

ORDER– 7

Rule 37(c)(1) prohibits a party from using evidence at trial that was not properly disclosed as required under Rule 26(a). This sanction is "self-executing," and no showing of bad faith or willfulness is required. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Plaintiff has made no attempt to show that her failure to comply with Rule 26(a) was justified, and offers no authority for her position that she was exempted from Rule 26 disclosure requirements by virtue of the fact that she does not intend to ask for a specific amount of lost wages at trial. Having failed to show that the lack of disclosure was substantially justified, Plaintiff will not be permitted to offer evidence of actual damages, including any of her own testimony as to her wages, hours and benefits while working at Asplundh, or what she was earning before compared to what she is earning now.

## IV. CONCLUSION

Having reviewed Defendant's Motion for Partial Summary Judgment, the Opposition thereto and Reply in support thereof, along with the supporting Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion for Partial Summary Judgment (Dkt. #36) is GRANTED, and Plaintiff is precluded from pursuing a claim for retaliatory discharge and from presenting any evidence of wage loss damages, as discussed above.

2. Plaintiff shall proceed in this litigation on the Causes of Action asserted in her Complaint at ¶ ¶ 33-45

DATED this 15 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 8