UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTANY EASTON, | ) CASE NO. C16-1694RSM |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR LEAVE TO AMEND |
| ASPLUNDH TREE EXPERTS, CO., | ) COMPLAINT |
| Defendant. | ) |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend her Complaint, which seeks permission to add a retaliatory discharge claim against Defendant. Dkt. #47. Defendant opposes the motion arguing that Plaintiff's proposal is prejudicial, futile and unduly delayed. Dkt. #48. Trial is currently scheduled for March 19, 2018. For the reasons set forth herein, the Court DENIES Plaintiff's motion.

This is an employment action in which Plaintiff raises claims for violations of Washington's Law Against Discrimination ("WLAD") based on sex (female), intentional infliction of emotional distress, respondeat superior, negligent hiring and supervision and failure to train, and hostile work environment. Dkt. #1-1. Plaintiff alleges that she had been hired by Defendant as a flagger and was subsequently sexually harassed by her male supervisor. Dkt. #1-1 at ¶¶ 1-10. Plaintiff further alleges that after she reported the harassing behavior to another foreman and a supervisor, she suffered retaliation, Defendant failed to take appropriate corrective action, and she was eventually laid off. *Id.* at ¶¶ 12-32.

ORDER
PAGE - 1

Plaintiff alleges in her Complaint that

> [She] complained [] to Mr. Fly on or around August 6, 2015. She was laid off the following day under the pretense of budget constraints. Plaintiff alleges that she was in fact fired for her complaints of Mr. Mel's inappropriate, harassing, and discriminatory behavior. . . .

Dkt. #1-1 at ¶ 24. She does not address the fact that she was rehired again on or around September 27, 2015, and continued working until she was laid off again in late October 2015, although she included the fact in her Complaint. Dkt. #1-1 at ¶ 6. Plaintiff did not plead a cause of action for retaliatory discharge. *See* Dkt. #1-1 at ¶ ¶ 33-45.

On December 21, 2016, Plaintiff provided her Initial Disclosures to Defendant. In those Disclosures she stated that she had "not determined all damages and claims for special and general damages and Plaintiff will supplement this information." Dkt. #38, Ex. 4 at 5. She further stated that she may seek "compensatory damages for back pay, front pay, lost benefits and medical expenses." Dkt. #38, Ex. 4 at 5. On August 31, 2017, Plaintiff provided Supplemental Disclosures to Defendant repeating the same verbiage. *Id.*, Ex. 5 at 4. Subsequently, in her discovery responses, Plaintiff objected that inquiries about the amount of her wage loss claim was "beyond the scope of permissible discovery," but answered:

> Plaintiff has yet to consult with an economic loss or vocational expert to determine the actual damages. Plaintiff will supplement with that information as soon as it becomes available.

*Id.*, Ex. 6 at 10. Plaintiff has never provided Defendant with a specific calculation of her alleged wage loss damages.

On October 10, 2017, Defendant moved for partial summary judgment. Dkt. #36. Defendant argued that Plaintiff's claim for past and future wage loss should be dismissed because she failed to plead a cause of action for retaliatory discharge. Dkt. #36 at 10-11. The Court agreed. Dkt. #43. First, the Court noted that

Plaintiff did not include an actual Cause of Action for retaliatory discharge. *See* Dkt. #1-1 at ¶¶ 33-45. Instead, she pleaded five causes of action as follows: 1) violation of Washington's Law Against Discrimination ("WLAD") based on sex (female); 2) intentional infliction of emotional distress; 3) respondeat superior; 4) negligent hiring and supervision and failure to train; and 5) hostile work environment. *Id.*

Dkt. #43 at 6. As a result, the Court found that

[t]he allegations contained in Plaintiff's alleged fact section of her Complaint do not satisfy the "short and plain statement" requirement included in Rule 8. Plaintiff alleges that she was laid off as a result of her complaints, under the pretext of budgetary constraints. Dkt. #1-1 at ¶ 24. However, because she failed to plead a corresponding cause of action for retaliatory discharge, she does not identify any legal basis for her claim. Plaintiff's failure to specifically allege the elements of retaliatory discharge restricted Defendant's ability to respond to the alleged cause of action or to conduct discovery on that cause of action, and makes it nearly impossible for the Court to evaluate the sufficiency of her allegations. Indeed, the Court cannot even determine whether she asserts a cause of action under state or federal law.

*Id.* at 6-7.

In addition, the Court determined that Plaintiff will be precluded from offering evidence of lost past and future wages because "[a]t no point in this litigation did plaintiff quantify – even roughly – the amount of actual damages she suffered as a result of her layoff." Dkt. #43 at 7. "In fact, she states she does not intend to ask for any specific amount at trial. However, making certain documents available and promising that someone (in this case Plaintiff) will testify regarding damages is not a "computation" and fails to apprise Defendant of the extent of its exposure in this case." *Id.* at 7-8.

Plaintiff now seeks to get around this ruling by moving to amend her Complaint to incude a claim for retaliation.

When a party moves to amend the pleadings after the deadline to amend pleadings has passed, the party must first demonstrate "good cause" to amend the scheduling order pursuant to

Federal Rule of Civil Procedure 16(b)(4) and then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)).

If the good cause standard is met, the Court turns to the question of whether amendment is proper. Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Not all of the [*Foman*] factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

In this case, the Court never set a deadline for amending pleadings. *See* Dkt. #12. As a result, Plaintiff is not required to seek a modification of the Court's Scheduling Order, and the "good cause" standard is not implicated. Accordingly, the Court turns to whether amendment is proper in light of the *Foman* factors.

Defendant primarily argues that Plaintiff has unduly delayed in bringing the instant motion and that to add the proposed retaliation claim now would prejudice it. The Court agrees. This Court has defined 'undue delay' as a "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Mansfield v. Pfaff*, No. C14-0948JLR, 2014 U.S. Dist. LEXIS 105997, at *10 (W.D. Wash. Aug. 1, 2014). The test for "undue delay" requires consideration of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015).

Having reviewed the record in this matter, the Court agrees with Defendant that Plaintiff unduly delayed in bringing her proposed claim, and that she could have done so from the time this case was removed to federal court. *See* Dkt. #48 at 5-9. Indeed, Plaintiff admitted to the Court previously that she pled a retaliatory discharge claim in her complaint to the EEOC prior to filing this lawsuit, and now argues that she simply chose to proceed with state claims alone. Dkts. #40 at 9 and #50 at 5. Further, Plaintiff discussed with Defendant early in this case a proposed Amended Complaint that would add a claim for retaliatory discharge. Dkt. #49 at ¶¶ 2-3 and Exs. A and B thereto. Although Defendant declined to stipulate to the amendment, Plaintiff never filed a motion to amend. Plaintiff claims now that she did not file such a motion because she felt she had adequately pled such a claim in her original Complaint. Dkt. #50 at 5. However, counsel's correspondence and proposed Amended Complaint belie that assertion. Dkt. #49, Exs. A and B.

Moreover, discovery in this matter is now closed, and trial is just two months away. Although Plaintiff asserts that Defendant already has complete discovery on any retaliation claim, the Court has already ruled to the contrary. *See* Dkt. #43.

ORDER
PAGE - 5

"Prejudice" exists where an amendment creates "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Mansfield*, 2014 U.S. Dist. LEXIS 105997, at *11-12; *see also Deakyne v. Cmmsrs. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *Amersham Pharacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000). The nonmoving party has the burden to show "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Mansfield*, 2014 U.S. Dist. LEXIS 105997, at *11-12 (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). "As a corollary, delay alone is not sufficient to establish prejudice, nor is a need for additional discovery." *Id.* For the reasons set forth above, the Court agrees that adding a claim for retaliatory discharge now would cause prejudice.

Accordingly, this Court hereby finds and ORDERS that Plaintiff's motion to amend (Dkt. #47) is DENIED.

DATED this 12 day of January, 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6