Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTANY EASTON, an individual<br><br>Plaintiff,<br><br>v.<br><br>ASPLUNDH TREE EXPERTS, CO.,<br><br>Defendant. | NO. 2:16-cv-01694-RSM<br><br>DEFENDANT ASPLUNDH TREE EXPERTS, CO.'S MOTIONS IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br>March 9, 2018 |

## I.   LCR 7(D)(4) CERTIFICATION

Defendant Asplundh Tree Experts, Co. ("Defendant" or "Asplundh") certifies that it has in good faith conferred with Plaintiff Brittany Easton ("Plaintiff") in an effort to resolve which matters are really in dispute pursuant to LCR 7(d)(4).  Counsel for the parties conferred via telephone conference on February 19, 2018.

During the conference, Plaintiff's counsel advised that she did not object to several of Asplundh's motions.  These motions are included in Section III, *supra*.  Even though Plaintiff does not object to these motions, Asplundh respectfully request that this Court still enter an order granting them.

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 1

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

## II. CONTESTED MOTIONS

**1. Exclude Any Evidence or Argument of Retaliation**

Plaintiff Brittany Easton's ("Plaintiff") Complaint asserts causes of action under the Washington Law Against Discrimination ("WLAD") for sex discrimination[1] and hostile work environment; intentional infliction of emotional distress; respondeat superior; "negligent hiring and supervision and failure to train."[2] Dkt. #1-1 at p. 10.

Asplundh filed a partial summary judgment motion on October 10, 2017, for the dismissal of Plaintiff's claim for past and future lost wages because Plaintiff (1) failed to properly plead a cause of action for retaliatory discharge and (2) failed to proffer any evidence in support of her claim for damages relating to back or future wage loss. Dkt. #36. The Court granted Asplundh's motion, precluding Plaintiff from pursing a claim for retaliatory discharge and from presenting any evidence of wage loss damages. Dkt. #43. Plaintiff filed a motion for Leave to Amend Complaint, seeking permission to add a retaliatory discharge claim against Asplundh. Dkt. #47. This Court denied the motion. Dkt. #51.

Consistent with its previous orders, this Court should exclude at trial any evidence or argument by Plaintiff that she was retaliated against by Asplundh, which would prelude her from claiming that she was subject to an adverse employment action in response to engaging in a protected activity, including any allegation that she has been "blacklisted" from hiring for future work by Asplundh or other employers.

---

[1] Under the WLAD, sex and gender are used interchangeably. RCW 49.60.040(25).

[2] Although Plaintiff has grouped these claims into a single cause of action, they are analytically distinct. Negligent hiring (also called negligent retention), *see Betty Y v. Al-Hellou*, 98 Wn. App. 146, 149 n.3, 988 P.2d 1031 (1999), requires the plaintiff to show that the employer knew or should have known at the time of hiring that the employee was unfit. Negligent supervision, in contrast, requires showing: (1) an employee acted outside the scope of his or her employment; (2) the employee presented a risk of harm to other employees; (3) the employer knew, or should have known in the exercise of reasonable care, that the employee posed a risk to others; and (4) that the employer's failure to supervise was the proximate cause of injuries to other employees. *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48-49, 51, 929 P.2d 420 (1997). It is unclear whether Washington recognizes an independent claim against employers for "failure to train."

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 2

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

**2. Exclude "Me Too" Evidence**

Plaintiff may attempt to refer to alleged mistreatment of other men and women working for Asplundh. For example, Plaintiff's complaint states that "Mr. Mel continuously refused to allow Plaintiff and fellow flagger, Mr. [Chad] Sweitzer, appropriate breaks for use of bathroom facilities." Dkt. #1-1 at ¶17. Plaintiff has designated Mr. Sweitzer as a witness who "will testify" at trial. *Declaration of Francis S. Floyd* ("*Floyd Decl.*"), **Exhibit A** at p. 4. Plaintiff also identified Sarah Lee as a "possible witness" for trial. *Id.* at p. 5. Ms. Lee sued Asplundh's Oregon business in the United States District Court for the District of Oregon gender discrimination and sexual harassment.[3] Plaintiff may attempt to call other witnesses who have similar alleged experiences with Asplundh. This evidence (*i.e.*, "evidence from former, non-party employees alleging discrimination at the hands of the defendant-employer") is commonly referred to as "'me-too' evidence." *Hathaway v. Idaho Pac. Corp.*, No. 4:15-CV-00086-DCN, 2017 U.S. Dist. LEXIS 202783, at *4 (D. Idaho Dec. 8, 2017)

The Supreme Court has held that "me too" evidence is neither "per se admissible nor per se inadmissible." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 380, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). Rather, the admissibility of such evidence "under Rule 401 and 403 are determined in the context of the facts and arguments in a particular case." *Id.* at 387. "Moreover, the question of whether 'me-too' evidence is relevant 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Hathaway*, 2017 U.S. Dist. LEXIS 202783, at *4 (quoting *Sprint/United Mgmt.*, 552 U.S. at 388).

---

[3] *Lee v. Trees, Inc., et al.*, No. 3:15-CV-00165-AC (D. Ore.). This Court should be advised that Magistrate Judge Acosta dismissed Ms. Lee's lawsuit as a sanction because she fabricated text messages that she used as evidence in her case. *Floyd Decl.*, **Ex. B**.

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 3

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

In *Reyna v. City of Portland*, 270 Fed. Appx. 682, 686 (9th Cir. 2008),[4] the Ninth Circuit upheld the district's court's exclusion of the testimony of plaintiff's co-workers regarding discriminatory acts and statements that they had experienced. The Ninth Circuit again upheld the exclusion of "me too" evidence in *Moore v. Donahoe*, 460 Fed. Appx. 661, 663 (9th Cir. 2011). In both cases, the "me too" evidence was considered unrelated or remote to the plaintiff's allegations. *See also Tennison v. Circus Circus Enter., Inc.*, 244 F.3d 684, 689-90 (9th Cir. 2001) (excluding "me too" evidence of alleged sexual harassment because it "would create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs.").

Admitting such evidence may also violate Fed. R. Civ. P. 404(b)(1), which prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." A plaintiff in an employment lawsuit cannot use instances of other alleged sexual harassment against an employer to show that it was more likely that the plaintiff experienced sexual harassment or that it was more likely that the employer failed to protect the plaintiff.[5]

The evidence of Mr. Sweitzer's experiences are irrelevant since he is not "similarly situated" to Plaintiff (*i.e.*, a woman). *Moore*, 460 Fed. Appx. at 663. Ms. Lee's experiences are also irrelevant because she worked in Oregon and did not have the same supervisors or coworkers as Plaintiff. Ms. Lee's testimony would not even be "tangentially related," *Reyna*, 270 Fed.

---

[4] Under Circuit Rule 36-3(b), unpublished decisions issued by the Ninth Circuit after January 1, 2007 may be cited but are not precedent.

[5] Some courts in this circuit have admitted "me too" evidence to show an employer's intent or motive in retaliation cases. *See, e.g.*, *Ochoa v. Santa Clara Cty. Office*, No. 16-CV-03283-HRL, 2017 U.S. Dist. LEXIS 191844 (N.D. Cal. Nov. 20, 2017). Even then, a court may "nonetheless exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice." *Id.* (citing Fed. R. Evid. 403). Because Plaintiff's retaliation claim has been dismissed from this case, she cannot invoke motive and intent as a grounds to admit "me too" evidence.

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 4

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

Appx. at 686, to the claims in this case and would create "a significant danger that the jury would base its assessment of liability on remote events involving other employees." *Tennison,* 244 F.3d at 690. This Court should exclude "me too" evidence from both of these witnesses and should carefully protect against any attempt by Plaintiff to introduce similar evidence from other witnesses.

**3. Exclude Evidence Regarding Asplundh's Safety Policy and Joseph Mell's Alleged Safety Violations**

This Court should exclude any testimony or evidence regarding (1) Asplundh's safety policies or (2) any safety violations by Joseph Mell, Plaintiff's co-worker and the alleged harasser. This evidence is irrelevant because this is an employment case, not a personal injury case, and safety violations have no bearing on the issues in this case.

During Asplundh's FRCP 30(b)(6) deposition, Plaintiff centered her questions on Asplundh's safety policies and Mr. Mell's safety violations, such as receiving a write-up for not wearing a vest while on a project. Presumably, Plaintiff was attempting to demonstrate that the safety violations are somehow related to the allegations of sexual harassment. Mr. Mell's prior safety violations, however, are not relevant to Plaintiff's claims and would unduly prejudice Defendant by portraying Mr. Mell as unsafe or reckless (prior to this case, Mr. Mell has not had a sexual harassment complaint in his 30-year career with Asplundh). Evidence of any safety violations by Mr. Mell are likely to confuse the jury and are irrelevant to the claims asserted by Plaintiff in her complaint. Fed. R. Evid. 402 and 403. Such evidence should be excluded.

**4. Exclude Plaintiff's Fact Witnesses Kathy Easton, Kirsti Muul, and Sarah Lee**

Plaintiff identified the following three individuals as witnesses for the first time in her pretrial statement:

1. Kathy Easton
2. Kirsti Muul

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 5

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

3. Sarah Lee

Plaintiff never disclosed these individuals in her FRCP 26(a)(1) disclosures, and to the best of Asplundh's knowledge, did not identify them anywhere else in discovery. *Floyd Decl.*, at ¶4. FRCP 37(c)(1) prohibits a party from using evidence at trial that was not properly disclosed as required under FRCP 26(a). Asplundh was never afforded the opportunity to depose these individuals. Plaintiff should not be permitted to ambush Asplundh with last-minute witness disclosures mere weeks before trial. Accordingly, this Court should exclude Kathy Easton, Kirsti Muul, and Sarah Lee from testifying at trial.

**5. Exclude Plaintiff's Relatives and Friends as Fact Witnesses**

In her December 20, 2016 initial disclosure, Plaintiff generally identified unnamed family and friends at witnesses, including Plaintiff's: boyfriend, mother, father, brother and uncle. *Floyd Decl.*, **Ex. C** at p. 3. Plaintiff supplemented in her initial disclosure on August 31, 2017—less than two weeks before the discovery cutoff of September 11, 2017—and added the following named individuals as witnesses without providing their addresses, the substance of their testimony, or their relationship with the Plaintiff:

1. Johnny Brown
2. Ricky Boyer
3. Rina Blackstrom
4. Tina Blackburn
5. Kelly Peterson-Lalka
6. Julie Guyton
7. Tim Doll

*Safarli Decl.*, **Ex. D** at p. 4-5.

Plaintiff's disclosure was inadequate and remains inadequate. For each newly named witness, Plaintiff failed to provide the addresses and specify the subjects of each witnesses' discoverable information as required per FRCP 26(a)(1)(A)(i), using only a blanket description

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 6

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

that each individual may have information on his or her "contact with Plaintiff prior to and following the incidents that are the subject of the lawsuit."

With essentially no information about the knowledge of the newly named witnesses less than two weeks until the close of discovery, Asplundh was not afforded enough time to identify, locate and conduct depositions of these witnesses.  Furthermore, Plaintiff identified each witness as having discoverable information about the same subject matter, the testimony of which is therefore duplicative and would result in the needless presentation of cumulative evidence.  Fed. R. Evid. 403.  For that reason, Plaintiff should be precluded from introducing *any* family and friends as witnesses at trial.  At a minimum, however, this Court should exclude the seven witnesses above who were belatedly identified on August 31, 2017 without any contact information.

**6. Exclude the Use of Certain Videotaped Depositions**

In her pretrial statement, Plaintiff listed the deposition videos of the following witnesses as trial exhibits, including Plaintiff's own deposition video, which should be excluded at trial:

1. Rob Fly
2. Shawn Shapiro
3. Brittany Easton
4. Joe Mell, Sr.

*Floyd Decl.*, **Ex. A** at p. 6 (Exhibits 8-11).

FRCP 32 permits a party to use the deposition of an individual at trial who, "when deposed, was the party's officer, director, managing agent," is a FRCR 30(b)(6) designee, or is otherwise unavailable.  Neither Mr. Fly nor Mr. Mell are officers, directors, or managing agents of Asplundh, and neither individual testified as a FRCP 30(b)(6) designee.  Both Mr. Fly and Mr. Mell are available to testify, so there is no basis for Plaintiff to use their deposition testimonies at trial other than for impeachment purposes.

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 7

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

Additionally, it appears that Plaintiff wants to use her *own* deposition testimony at trial. FRCP 32 only allows deposition testimony to be used "against" a party at trial. *See* FRCP 32(a)(1). Unless Plaintiff intends to use her own statements against herself (which is unlikely), she may not use her own deposition testimony at trial. .

Further, Plaintiff has failed to comply with LCR 32(e), which means that she cannot use the deposition testimony of *any* witness, regardless of whether the conditions of FRCP 32 are satisfied. Under LCR 32(e), Plaintiff was required to provide Asplundh with "a transcript of the deposition *with the relevant portions highlighted no later than the due date for their pretrial statement.*" (emphasis added). Plaintiff's pretrial statement was due on February 6, 2017. She did not provide any deposition transcripts at all, much less highlighted versions. *Floyd Decl.*, at ¶7. As a result, Asplundh has been deprived of the opportunity to object and counter-designate, and this Court has no way to rule on the objections.

Under FRCP 32, Plaintiff cannot use the deposition testimony of herself, Mr. Mell, or Mr. Fly at trial. The only deposition she could arguably use is that of Shawn Shapiro. But because she has not complied with LCR 32(e), this Court should not allow her to use any depositions at trial.

**7. Exclude Fact and Expert Witnesses from Testifying on Ultimate Legal Issues**

This Court should exclude both fact and expert witnesses from testifying on ultimate legal issues that are not helpful to the jury, waste time, or merely tell the jury what result to reach. *See* Fed. R. Evid. 701, 702, 703 and 704; *see also* Fed. R. Evid. 704 advisory committee notes ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 8

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day").

### 8. Exclude Plaintiff's Photos That Were Not Produced During Discovery

Plaintiff has identified "photos of Ms. Easton, family, and friends" as a potential trial exhibit. *Floyd Decl.*, **Ex. A** at p. 6 (Exhibit 13). Plaintiff never produced these photographs during discovery. FRCP 37(c)(1) prohibits a party from using evidence at trial that was not properly disclosed as required under FRCP 26(a). Further, Asplundh has been prejudiced by this failure because it has had no opportunity to examine Plaintiff or her witnesses regarding the source, timing, and circumstances of these photos. Accordingly, Plaintiff should be precluded from introducing any photos (or any other evidence, for that matter) that were not produced during discovery.

### 9. Exclude Evidence of Other Lawsuits and Settlements

Evidence of settlement negotiations is not admissible. Fed. R. Evid. 408. Evidence of prior settlements is also barred under Fed. R. Evid. 404(b). The only use of evidence of those lawsuits would be to attempt to show alleged prior bad acts and conduct in conformity therewith. Fed. R. Evid. 404(b) prohibits the admission of such evidence. The evidence is also highly prejudicial and has no probative value, making it irrelevant under Fed. R. Evid. 403. Accordingly, the parties and witnesses should not reference other lawsuits, including settlements of other lawsuits.

### III.   UNCONTESTED MOTIONS

During the meet-and-confer, Defendant's counsel advised Plaintiff's counsel of the motions they intended to file. Plaintiff's counsel indicated she would not oppose the following motions. Defendant's counsel sent Plaintiff's counsel a copy of the motions below, and she

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 9

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

confirmed that they were unopposed. Nonetheless, Defendant respectfully requests that this Court enter an order granting the following motions.

### 10. Exclude Any Evidence or Argument Regarding Special Damages, Including Medical Expenses and Wage Loss

On December 21, 2016, Plaintiff submitted her initial disclosures, but failed to provide a computation of damages. *Floyd Decl.*, **Ex. C.** Plaintiff supplemented her initial disclosures on August 31, 2017, but again failed to provide a computation of damages. *Floyd Decl.*, **Ex. D**.

To date, and throughout the course of discovery, Plaintiff has failed to provide any information supporting her wage loss claim or any other special damages, including but not limited to medical bills. FRCP 37(c)(1) prohibits a party from using evidence at trial that was not properly disclosed as required under FRCP 26(a). This Court has already precluded Plaintiff from presenting any evidence of wage loss damages including but not limited to evidence of actual damages including her own testimony as to wages, hours and benefits while working at Asplundh, or what she was earning before compared to what she is earning now in light of her failure to disclose such evidence. Dkt #43. This Court excluded such evidence because Plaintiff failed to provide a computation of damages pursuant to FRCP 26(a). Consistent with its previous order, this Court should further exclude any evidence or argument by Plaintiff regarding any past and future wage loss damages or any other special damages, including but not limited to lost benefits and medical bills, because Plaintiff has not provided a computation of damages for those damages either.

### 11. Exclude Argument, Testimony, and Questions of Witnesses Regarding Current Issues

As this Court knows, allegations of sexual assault, harassment, and misconduct—along with the media coverage of the allegations—have increased recently. *See*, *e.g.*, Anna Codrea-Rado, *#MeToo Floods Social Media With Stories of Harassment and Assault*, N.Y. TIMES (Oct. 16, 2017), https://www.nytimes.com/2017/10/16/technology/metoo-twitter-facebook.html.

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 10

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

While it is healthy for society-at-large to discuss and reflect on these topics, it would be inappropriate to reference them during this trial. The current events in this country, such as the #MeToo social media movement, have no probative value in this case and would only inflame the jury. *See* Fed. R. Evid. 403.

In the context of police misconduct, courts have excluded reference to current events, including media coverage of other instances of alleged misconduct. *See*, *e.g.*, *Rambus v. Jenkins*, No. 92-C-7284, 1993 U.S. Dist. LEXIS 8006, at *4-5 (N.D. Ill. June 14, 1993) (in a civil rights lawsuit brought against police officer, court excluded "comments on 'recent current events concerning allegations of police misconduct,'" including "mention of an infamous police brutality trial," because such references were "completely irrelevant here" and "would be extremely prejudicial and inflammatory"); *Bustamante v. Thedford*, No. 89-C-3471, 1995 U.S. Dist. LEXIS 2151, at *9, 12 (N.D. Ill. Feb. 21, 1995) (granting defendant's motion to prohibit any "arguing or commenting on recent events concerning allegations of police misconduct" because such references "are not relevant, violate rule 403, and are prohibited").

Similarly here, this Court should exclude comments, references, arguments, questioning, and evidence of other alleged instances of sexual assault, harassment, and misconduct, including, but not limited to:

- Comments or statements by Plaintiff's counsel such as, "As we have seen in the news lately, more and more women are coming forward," "This is my client's 'me too' moment," "Powerful men are being held accountable for their behavior, and this case should be no different," etc.;

- References to prominent figures who have been in the media recently, such as Harvey Weinstein, Matt Lauer, Bill O'Reilly, Larry Nassar, etc.;

- References or testimony regarding the #MeToo social media campaign or similar awareness campaigns such as Time's Up[6];

---

[6] Cara Buckley, *Powerful Women Unveil Anti-Harassment Action Plan*, N.Y. TIMES (Jan. 1, 2018), https://www.nytimes.com/2018/01/01/movies/times-up-hollywood-women-sexual-harassment.html

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 11

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

- Testimony by Plaintiff or other witnesses about being inspired by current events or other women who have reported allegations of sexual assault, harassment, or misbehavior;

- Questioning by Plaintiff's counsel of defense witnesses that references current events, such as "Do you watch the news?" or "Don't you think you should have acted differently in light of what's been going on?"; and

- References or questioning regarding "evolving norms" or "changing standards" regarding sexual harassment in the workplace, *see*, *e.g.*, Charisse Jones, *Sexual Harassment Accusations Changing Office Policies, Increasing Training at Work*, USA Today (Dec. 12, 2017), https://www.usatoday.com/story/money/2017/12/12/sexual-harassment-leads-businesses-change-office-policies-practices-and-parties/940618001/

The examples above are not exhaustive and are only meant to illustrate the types of comments, questioning, and evidence that would violate Fed. R. Evid. 403 and infect this trial with undue prejudice. To ensure a fair trial, Asplundh asks this Court to carefully guard against (1) references to other instances of alleged sexual assault, harassment, and misconduct; and (2) comments, questioning, and evidence regarding changes in the societal norms or standards of the workplace at large (evidence of changes specific to Asplundh that post-date the events of this case would be prohibited under Fed. R. Evid. 407).

**12. Exclude Argument, Reference, or Suggestion of (a) Teaching a Lesson, (b) Placing Themselves in the Positions of Plaintiff, (c) Sending a Message, (d) the Golden Rule, or (e) Similar Statements**

This Court should prohibit Plaintiff's counsel from making any argument, reference, or suggestion that "encourages the jury to depart from its neutral role." *Joan W. v. City of Chicago*, 771 F.2d 1020, 1022 (7th Cir. 1985); Ninth Circuit Pattern Jury Instruction 1.2 ("You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.")

This includes prohibiting any suggestion that the jury should place themselves in the position of Plaintiff, send a message to the community, or teach a lesson. *Meabon v. State*, 1 Wn. App. 824, 831, 463 P.2d 789 (1970) ("Defendant's last assignment of error relates to final

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 12

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

argument of plaintiff's counsel wherein he asked the jurors to place themselves in the position of Miss Meabon and experience some of the problems she would encounter because of her injury. This is a highly questionable request. A juror's duty is to act disinterestedly and impartially. WPI 1.01.  Counsel asked them to do otherwise. We do not contemplate this request will be made during summation on the retrial of this case."); *Adkins v. Aluminum Co. of America*, 110 Wn. 2d 128, 139-40, 750 P.2d 1257 (1988) ("golden rule" arguments and statements are improper and inadmissible under Washington law "because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.")

This Court should also exclude any suggestion of punitive damages.  *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 574, 919 P.2d 589, 590 (1996) (punitive damages unavailable under the WLAD).

**13. Exclude Plaintiff's Fact Witness Jaqui Bove**

As explained in Defendant's Motion in Limine #4, Plaintiff disclosed several fact witnesses for the first time in her pretrial statement.  While Plaintiff opposes the exclusion of three of those witnesses (Kathy Easton, Kirsti Muul, and Sarah Lee), she does *not* contest the exclusion of a fourth, Jaqui Bove.  Ms. Bove was disclosed for the first time in Plaintiff's pretrial statement and was not identified anywhere else in discovery.  Accordingly, this Court should exclude Ms. Bove under FRCP 37(c)(1).

**14. Exclude Plaintiff's Rebuttal Expert Witness Maureen Clark**

Any and all references, reports, testimony and other forms of evidence related to Plaintiff's expert witness Maureen Clark, President of Three Sixty HR, Inc., should be excluded from evidence.

Ms. Clark was identified as a rebuttal witness in response to Asplundh's human resources expert, Russ Perisho, who was excluded by this Court.  Dkt #29.  Ms. Clark's report clearly states that her opinions are limited to countering those of Mr. Perisho:

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 13

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

**My Opinions**

1. I disagree with Mr. Perisho that the Company responded reasonably promptly when it learned that harassing and offensive behavior may have occurred which could be in violation of the Company's policies. In my opinion, the investigation was not timely.

2. I disagree with Mr. Perisho's opinion that the Company conducted an appropriate investigation to gather and determine the relevant facts. In my opinion, the condition of the investigative file indicates that it was poorly conceived and executed. In addition, the investigator failed to verify statements, resolve conflicting testimony and clarify dates, and address the complaint of retaliation.

3. I disagree with Mr. Perisho's opinion that the Company took actions that were reasonably calculated to end harassing and offensive behavior. In my opinion, the Company chose to be influenced by Joe Mell, Sr.'s (Mell) long service and the possibility that the union would grieve – perhaps win – a termination. In fact, the Company's relatively light punishment and retraining did not dissuade Mell from going out of his way to harass and intimidate Brittany Easton (Easton) again. Mell was neither punished nor terminated despite being on a final warning and violating Asplundh's specific instructions to stay away from Easton.

4. I agree with Mr. Perisho that the Company implemented appropriate anti-discrimination and anti-harassment policies and distributed them at time of hire. There was also video training of some sort at time of hire. Beyond the hiring process, however, there was no evidence that video or other periodic training was given to field personnel such as Foremen and crew members. The fact that field personnel knew of Mell's harassment of Easton, but failed to report it as required, indicates that implementation of the policies was ineffective.

Because Ms. Clark was disclosed only in rebuttal to Mr. Perisho (who has been excluded), Ms. Clark does not have any independent opinions to offer the jury. As such, her opinions, report, and testimony would not be helpful to the jury. *See* Fed. R. Evid. 702(a).

Furthermore, Ms. Clark should be excluded for the same reasons that Mr. Perisho was excluded. This Court concluded that Mr. Perisho based his "testimony about HR practice standards and Asplundh's investigation on nothing more than his common sense, a jury can accomplish the same analysis without an expert." Dkt. #29 at p. 10. Ms. Clark's proposed testimony also relies "solely or primarily on experience," and fails to explain how conclusions were reached, why experience is a sufficient basis for the opinion and how that experience is reliably applied to the facts. Ms. Clark merely uses the same set of facts obtained from reviewing records and simply asserts claims that the actions of Asplundh were not consistent with HR best

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 14

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

practices solely by evaluating Asplundh's written investigation report against a two-page pamphlet published by the Association of Workplace Investigators, the same pamphlet used in Mr. Perisho's report. Accordingly, Ms. Clark's proposed testimony should be excluded.

### 15. Exclude Expert Witness Randal Beaton, Ph.D. From Testifying Beyond the Scope of His Disclosure and Area of Expertise

Dr. Randal Beaton was identified by Plaintiff as an expert licensed psychologist. His report addressed the alleged "adverse psychosocial and other impacts Ms. Easton was forced to endure stemming from workplace exposures to sexual harassment by her former supervisor." *Floyd Decl.*, **Ex. E.**

In Plaintiff's pretrial statement, however, Plaintiff described Dr. Beaton as an expert who will "testify to everything included in his report and any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, treatment, pre-existing conditions emotional distress *and the inadequacy of Defendant's sexual harassment training, policies, practices, and response to Plaintiff's complaints.*" *Floyd Decl.*, **Ex. A** (emphasis added).

Plaintiff's pretrial statement radically expands the scope of Dr. Beaton's opinions testimony into an area that was not disclosed prior and for which he is not qualified as a licensed psychologist. Accordingly, Dr. Beaton should be prohibited from testifying or making any reference or suggestion regarding Asplundh's sexual harassment training, policies, practices and responses to Plaintiff's complaints.

### 16. Exclude Non-Party Witnesses from Courtroom

All non-party witnesses—including fact and expert witnesses—should be excluded from the courtroom during trial. Fed. R. Evid. 615; LCR 43(k).

### 17. Exclude Any Reference to Expenses of Litigation

Any and all reference to litigation expenses incurred by Plaintiff or the defense should be excluded from evidence. Any evidence of or reference to the expense of litigation carries the

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 15

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

1  potential for creating sympathy with the jury and may influence the jury to calculate an award on

2  improper basis.  Fed. R. Evid. 401 and 403 require that such evidence and argument be barred at

3  trial.

   DATED this 20th day of February, 2018.

   FLOYD PFLUEGER & RINGER, P.S.


   By: /s/ Francis S. Floyd
   Francis S. Floyd, WSBA No. 10642
   ffloyd@floyd-ringer.com
   Anna K. Mitchell, WSBA No. 50871
   amitchell@floyd-ringer.com
   200 W. Thomas Street, Suite 500
   Seattle, WA  98119-4296
   Tel (206) 441-4455
   Fax (206) 441-8484
   *Attorneys for Defendant Asplundh Tree Experts, Co.*

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 16

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| Jenna M. Labourr<br>Young-Ji Ham<br>Washington Injury Lawyers, PLLC<br>2211 Elliott Ave. Suite 200<br>Seattle, WA  98121-3622<br>jenna@washinjurylaw.com<br>youngji@washinjurylaw.com<br>mike@washinjurylaw.com | *Counsel for Plaintiff* | [  ] Via Messenger<br>[  ] Email per E-Service Agreement<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 20th day of February, 2018 at Seattle, Washington.

/s/ Jennifer A. Jimenez
Jennifer A. Jimenez, Legal Assistant

DEFENDANT ASPLUNDH'S MOTIONS IN LIMINE- 17

Case No. 2:16-cv-01694-RSM

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484