UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON, an individual,

    Plaintiff,

vs.

ASPLUNDH TREE EXPERTS, CO.,

    Defendant.

Case No. 2:16-cv-01694-RSM

**PRETRIAL ORDER**

## I.  FEDERAL JURISDICTION

Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction because the Plaintiff does not share a state of citizenship with the Defendant. The alleged amount in controversy exceeds $75,000.

## II.  CLAIMS AND DEFENSES

Plaintiff Brittany Easton ("Plaintiff") will pursue claims at trial against Defendant Asplundh Tree Experts, Co. ("Asplundh" or "Defendant") for sex discrimination, hostile work environment, negligent hiring, and negligent supervision in violation of Washington's Law Against Discrimination, RCW 49.60, *et seq*.

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

Defendant intends to argue that Plaintiff cannot satisfy each essential element of her claims and that Plaintiff has not suffered any damage as a result of Defendant's alleged conduct. Defendant intends to pursue the following defenses:

- Mr. Mell was not an owner, manager, partner, or corporate officer of Defendant as defined by the WLAD.

- Defendant did not know of the alleged harassment and Defendant should not have known of the alleged harassment because it was not pervasive.

- Defendant took reasonably prompt and adequate corrective action reasonably designed to end the alleged harassment.

### III. STATEMENT OF ADMITTED FACTS

The following facts are admitted by the parties:

1. Plaintiff, who is female, is 29 years old. She resides in Washington State.

2. Defendant is a corporation headquartered in Pennsylvania that does business in Washington State.

3. Defendant is a company that specializes in tree pruning vegetation and management for utilities and government agencies.

4. The Grays Harbor Public Utilities District (the "PUD") entered into a "time and materials" contract ("Contract") with Defendant for Vegetation Management Services and Emergency Storm Response (the "Project").

5. Defendant employed Plaintiff as a flagger as of September 22, 2014.

6. Robert Fly was the Project General Foreman and Plaintiff's and Joseph Mell's supervisor.

7. Following the conclusion of Defendant's investigation in early September 2015, Defendant decided that there needed to be disciplinary action.

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

8. On September 25, 2015, Asplundh disciplined Mr. Mell with an unpaid week's suspension and re-training on Asplundh's no harassment policy.

9. Mr. Fly was also disciplined with a written notice on September 25, 2016.

10. After the investigation and upon Plaintiffs rehire, Plaintiff was put on a different crew and Mr. Mell was restricted from interacting with her.

## IV. ISSUES OF LAW

The following issues of law are to be determined by the Court:

1. What amount of the costs of this action, including but not limited to attorney's fees, should be awarded to Plaintiff?

2. Plaintiff will not be submitting any special damages for consideration by the jury; only general damages.

There may be issues of law for the Court's determination in connection with jury instructions and motions *in limine*.

## V. EXPERT WITNESSES

**(a)** Each party shall be limited to one expert witness on the issue of Plaintiff's mental health condition.

**(b)** The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which teach will testify is:

**(1) On behalf of Plaintiff**

**Randall Beaton** (will testify), 2910 East Madison St., Ste. 212 Seattle, WA 98112. (206) 322-8353. Dr. Beaton will testify to everything included in his report and any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, treatment, pre-existing conditions, and emotional distress. Dr. Beaton will discuss the causation of Plaintiff's damages

and whether any preexisting mental health condition was aggravated or exacerbated by the harassment.

**(2) On behalf of Defendant**

**Dr. Russell Vandenbelt** (will testify), 11201 SE 8th St #105, Bellevue, WA 98004. Dr. Vandenbelt will testify to everything included in his report and any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's mental health condition, including her anxiety disorder, to assess the presence of any mental health condition causally related to alleged sexual harassment in the workplace, whether any preexisting mental health was aggravated or exacerbated by the alleged harassment.

## VI. OTHER WITNESSES

The names and addresses of witnesses, other than the experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(a) On behalf of Plaintiff**

Plaintiff reserves the right to call any of the witnesses identified by Defendant.

1. **Brittany Easton** (will testify), c/o Washington Injury Lawyers, PLLC. Ms. Easton will testify regarding the circumstances surrounding her employment; Defendant's discrimination, hostile work environment, and negligence; complaints regarding discrimination, hostile work environment, and negligence; Defendant's investigation; and the damages she suffered as a result of Defendant's conduct.

2. **Shawn Shapiro** (will testify), c/o Floyd, Pflueger & Ringer, P.S. Mr. Shapiro will testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

regarding discrimination and hostile work environment; Defendant's investigation; and Plaintiff's job performance.

3.  **Robert Fly** (possible witness), 19402 Goebel Rd. SE. Mr. Fly may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints regarding discrimination and hostile work environment; and Defendant's investigation.

4.  **Joe Mell, Sr.** (possible witness), c/o Floyd, Pflueger & Ringer, P.S. Mr. Mell may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints regarding discrimination and hostile work environment; and Defendant's investigation.

5.  **Terry Lonborg** (possible witness), 12619 Champion Drive Southwest Olympia, WA 98512-9060; (360) 480-1050. Mr. Lonborg may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints regarding discrimination and hostile work environment; and Defendant's investigation.

6.  **Tina Blackburn** (possible witness), (360) 660-0075. Ms. Blackburn may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, complaints regarding discrimination and hostile work environment, emotional distress, and condition before and after her employment with Defendant.

7.  **Tim Doll** (possible witness), (360) 593-3919. Mr. Doll may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, complaints regarding discrimination and hostile work environment, union operations,

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

Defendant's reputation, Plaintiff's emotional distress, and Plaintiff's condition before and after her employment with Defendant.

8. **Kelly Peterson-Lalka** (possible witness), (360) 470-4603. Ms. Peterson-Lalka may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, complaints regarding discrimination and hostile work environment, emotional distress, and condition before and after her employment with Defendant.

9. **Chad Sweitzer** (will testify), (360) 968-9633. Mr. Sweitzer may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints regarding discrimination and hostile work environment; Defendant's investigation; and Plaintiff's job performance.

10. **Dario Vargas** (possible witness). Mr. Vargas may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Defendant's policies and practices; Defendant's discriminatory acts and negligence; complaints regarding discrimination and hostile work environment; Defendant's investigation; and Plaintiff's job performance.

11. **Sally Heath** (will testify), 2629 Parkmont Lane SW, Ste. 101 Olympia, WA 98502-5782. Ms. Heath may be called to testify regarding any matter referred to in Plaintiff's Complaint, including but not limited to: Plaintiff's damages, treatment, pre-existing conditions, and emotional distress.

**(b) On behalf of Defendant**

Defendant reserves the right to call any of the witnesses identified by Plaintiff.

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

1. **Brittany Easton** (will testify), c/o Washington Injury Lawyers, PLLC. Ms. Easton will testify as to the circumstances surrounding her alleged harassment while employed with Asplundh.

2. **Shawn Shapiro** (will testify), c/o Floyd, Pflueger & Ringer, P.S. Mr. Shapiro was a Regional Manager with Asplundh. He will testify as to Asplundh's sexual harassment and progressive disciplinary policy; that flaggers were to report incidents of sexual harassment, discrimination and retaliation to the project General Foreman; the timeline for when Asplundh learned about Plaintiff's alleged sexual and work place harassment; and the steps that were taken to investigate and later discipline Mr. Mell and Mr. Fly.

3. **Robert Fly** (will testify), c/o Floyd, Pflueger & Ringer, P.S. Mr. Fly was Plaintiff's supervisor and a General Foreman for Defendant on the Project with the PUD, where the PUD scheduled Defendant's work under the Contract at the PUD's sole discretion.

Mr. Fly will testify about his knowledge of and Plaintiff's communications regarding Mr. Mell's alleged sexual and work place harassment conduct, including when Plaintiff requested he not report Mr. Mell. He will further testify that his manager was Shawn Shapiro, and about the circumstances surrounding his report of Mr. Mell's alleged conduct to Mr. Shapiro.

Mr. Fly will also testify as to the instruction he received in August 2015 and at various times thereafter from his Superintendent at the PUD, Jeff McClain, that Defendant only perform work that did not require flaggers to reduce costs being incurred by the PUD. Mr. Fly will further testify that he laid off Plaintiff and the other flagger employed by Defendant as a result of this direction from Mr. McClain. Mr. Fly will not testify regarding any alleged retaliation against Plaintiff in light of the Court's order granting Asplundh's partial motion for summary

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

judgment on November 15, 2017, precluding Plaintiff from pursing a claim for retaliatory discharge and from presenting any evidence of wage loss damages, Dkt #43.

4. **Joseph Eric Mell, Sr.** (may testify). c/o Floyd, Pflueger & Ringer, P.S. Mr. Mell was a Foreman with Asplundh and the alleged perpetrator of all of the alleged sexual and work place harassment as per Plaintiff's Complaint. Mr. Mell is a possible witness only. In the event that Mr. Mell testifies, he will testify as to his alleged conduct toward Plaintiff and the disciplinary actions taken by Asplundh following the investigation.

5. **Rick Pitt** (may testify), c/o Floyd, Pflueger & Ringer, P.S. Mr. Pitt is a possible witness. In the event that Mr. Pitt testifies, he will testify as to his notification in his capacity as General Counsel at the PUD to Defendant regarding Mr. Mell's alleged harassment of Plaintiff. Mr. Pitt will not testify regarding any alleged retaliation against Plaintiff, in light of the Court's order granting Asplundh's partial motion for summary judgment on November 15, 2017, precluding Plaintiff from pursing a claim for retaliatory discharge and from presenting any evidence of wage loss damages, Dkt #43.

6. **Jeff McClain** (may testify), c/o Floyd, Pflueger & Ringer, P.S. Mr. McClain is a possible witness. In the event that Mr. McClain testifies, he will testify regarding his instruction in his capacity as the Construction Contract Superintendent for the PUD to Mr. Fly that Asplundh only conduct work that did not require flaggers in or about August 2015. Mr. McClain will not testify regarding any alleged retaliation against Plaintiff, in light of the Court's order granting Asplundh's partial motion for summary judgment on November 15, 2017, precluding Plaintiff from pursing a claim for retaliatory discharge and from presenting any evidence of wage loss damages, Dkt #43.

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

# VII. TRIAL EXHIBITS

**(a) Authenticity stipulated and admissibility disputed, subject to relevancy and any other objections:**

**Plaintiff's exhibits**

| Exhibit Number | Description |
|---|---|
| 3 | Asplundh Employee Handbook |
| 4 | Joe Mell, Sr. Personnel File |
| 5 | Rob Fly Personnel File |
| 6 | Terry Lonborg Personnel File |
| 7 | Brittany Easton Personnel File |
| 8 | Rob Fly Deposition Video |
| 9 | Shawn Shapiro Deposition Video |
| 10 | Brittany Easton Deposition Video |
| 11 | Joe Mell, Sr. Deposition Video |
| 12 | Written Discovery & Responses |
| 15 | EEOC Notice to Asplundh Tree Experts, Co. of Charge of Discrimination dated April 21, 2016 |

**Defendant's exhibits**

| Exhibit # | Date | Description |
|---|---|---|
| A-1 | 5/2013 | Asplundh Employee Handbook |
| A-2 | 4/25/2014 | Asplundh's Disciplinary Program Policy |
| A-3 | 2006 | Asplundh's Background Investigation Policy |
| A-4 | 5/2015 | Asplundh Region 072 Policy Manual |
| A-5 | effective 1/1/2013 - 1/2/2016 | Local Union No. 77 International Brotherhood of Electrical Workers Collective Bargaining Agreement |
| A-6 | 1/23/14 | Grays Harbor PUD 2014 Vegetation Management Services Contract |
| A-7 | 6/7/2016 | Asplundh Tree Expert Co. Officers and Directors |
| A-8 | 9/22/2014 | Easton Hire Packet |
| A-9 | 9/22/2014 – present | Excerpts from Brittany Easton's Personnel File |
| A-10 | 7/16/2001 – 9/25/2016 | Excerpts from Robert Fly's Personnel File |

WASHINGTON INJURY LAWYERS, PLLC
2211 Elliott Avenue, Suite 200
Seattle, Washington 98121
Tel.: (425) 312-3057

| | | |
|---|---|---|
| A-11 | June 1995 – February 2016 | Excerpts from Joseph Mell's Personnel File |
| A-12 | 8/25/15 | Email from Rick Pitt to Shawn Shapiro regarding alleged harassment of Asplundh female employee on PUD worksite. |
| A-13 | 8/26/15 | Email from Shawn Shapiro to Rick Pitt regarding Shawn Shapiro's lack of awareness of any reported harassment and requesting further information, as produced by Plaintiff from the PUD's public records. |
| A-14 | Spanning 2/4/2012 - 6/13/2016 | Excerpts from Brittany Easton's medical records from Heath & Associates |
| A-15 | Spanning 3/12/2001 - 6/15/17 | Excerpts from Brittany Easton's medical records from James, Sanderson & Lowers |

**(b) Authenticity and admissibility disputed:**

**Plaintiff's exhibits**

| Exhibit Number | Description |
|---|---|
| 1 | Timeline of Mr. Mell's violations of Asplundh safety rules |
| 2 | Timeline of events |
| 13 | Photos of Ms. Easton, Family, and friends |
| 14 | Rules Board |
| 16 | Brittany Easton Charge of Discrimination |

### VIII. ACTION BY THE COURT

**(a)** This case is scheduled for trial before a jury on March 19, 2018, at 9 a.m.

**(b)** Trial briefs shall be submitted to the court on or before March 14, 2018.

**(c)** Jury instructions requested by either party shall be submitted to the court on or before March 14, 2018. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before March 14, 2018.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 12th day of March, 2018.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE


WASHINGTON INJURY LAWYERS, PLLC


By: _____
Jenna M. Labourr, WSBA #44555
Young-Ji Ham, WSBA #46421
Washington Injury Lawyers, PLLC
2211 Elliott Avenue, Suite 200
Seattle, WA 98121
Phone: (425) 312-3057
Fax: (206) 866-0208
Email: jenna@washinjurylaw.com
Email: youngji@washinjurylaw.com
*Attorneys for Plaintiff Brittany Easton*


FLOYD PFLUEGER & RINGER, P.S.


By: _____
Francis S. Floyd, WSBA No. 10642
ffloyd@floyd-ringer.com
Anna K. Mitchell, WSBA No. 50871
amitchell@floyd-ringer.com
200 W. Thomas Street, Suite 500
Seattle, WA 98119-4296
Tel (206) 441-4455
Fax (206) 441-8484
*Attorneys for Defendant Asplundh Tree Experts, Co.*