UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON,

    Plaintiff,

v.

ASPLUNDH TREE EXPERTS, CO.,

    Defendant.

CASE NO. C16-1694RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motions In Limine. Dkt. #54. Plaintiff does not oppose several of Defendant's motions, but opposes others. Dkts. #54 and #60. For the reasons set forth herein, the Court now GRANTS IN PART AND DENIES IN PART Defendant's Motions In Limine.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude

ORDER
PAGE - 1

relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

#### A. Uncontested Motions In Limine 10-17

Defendant has proposed a number of Motions In Limine which Plaintiff does not oppose. Dkts. #54 at 9-16 and #60 at 8-9. Accordingly, the following Motions In Limine will be GRANTED, which will result in excluding:

> 10. Evidence or Argument Regarding Special Damages, Including Medical Damage and Wage Loss;
>
> 11. Argument, Testimony and Questions of Witnesses Regarding Current Issues;
>
> 12. Argument, Reference or Suggestion of (a) Teaching a Lesson, (b) Placing Themselves in the Positions of Plaintiffs, (c) Sending a Message, (d) the Golden Rule, or (e) Similar Situations;
>
> 13. Plaintiff's Fact Witness Jaqui Bove;
>
> 14. Plaintiff's Rebuttal Expert Witness Maureen Clark;
>
> 15. Expert Witness Randal Beaton, Ph.D. from Testifying Beyond the Scope of His Disclosure and Area of Expertise;
>
> 16. Non-Party Witnesses from the Courtroom; and
>
> 17. References to the Expense of Litigation.

#### B. Contested Motions In Limine 1-9

Defendant has proposed a number of additional Motions In Limine, to which Plaintiff has objected. Dkts. #54 at 2-9 and #60 at 1-8. The Court addresses each of these motions, in turn, below.

///

*1. Evidence or Argument of Retaliation*

In its first Motion In Limine, Defendant requests that the Court exclude at trial any evidence or argument by Plaintiff that she was retaliated against by Asplundh, which would include Plaintiff from claiming that she was subject to an adverse employment action in response to engaging in a protected activity, including any allegation that she has been "blacklisted" from hiring for future work by Asplundh or other employers. Dkt. #54 at 2. Plaintiff responds that she does not intend to present argument or evidence regarding retaliation, but that she should not be restricted from testifying about the circumstances of her leaving employment. Dkt. #60 at 1-2. Plaintiff also argues that she should be free to testify about retaliation she suffered from Mr. Mell when her learned of her complaint to Mr. Fly, which is not contested by Defendant and was included in her original Complaint as an aspect of damages. *Id.* at 2.

The Court agrees with Plaintiff, and this Motion will be DENIED. This motion does not preclude Defendant from asking the Court for a limiting instruction should it feel such instruction is necessary at the time of trial.

*2. "Me Too" Evidence*

Defendant next seeks an Order excluding witnesses from testifying about similar alleged experiences with Defendant. Dkt. #54 at 3-5. Plaintiff responds that the evidence should not be excluded because it is evidence that Defendant was on notice that its policies and procedures were ineffective and that female employees were at risk. Dkt. #60 at 2-4.

"Me too" evidence is "neither per se admissible nor per se inadmissible." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 380, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). Rather, whether "me too" evidence can be admitted at trial is a case-by-case determination that "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances

and theory of the case." *Sprint/United Mgmt.*, 552 U.S. at 388. The Ninth Circuit has had little occasion to apply *Sprint/United Management*. In *Moore v. Donahoe*, 460 F. App'x 661, 663 (9th Cir. 2011), an unpublished opinion, the Ninth Circuit found "[t]he district court did not abuse its discretion by excluding evidence of other . . . employees' observations regarding race discrimination." The panel explained that "the district court conducted a thorough, fact-intensive inquiry under Federal Rule of Evidence 401 before determining that the majority of the evidence was not relevant to [the plaintiff's] claims," in part because the other employees the plaintiff offered were not "similarly situated" to the plaintiff. *Id.* Other circuits, in published opinions, have interpreted *Sprint/United Management* as requiring a similar fact-intensive, case-by-case analysis. *See*, *e.g.*, *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 424-25 (8th Cir. 2017). In this case, the Court does not have enough information to make a determination with respect to the proffered testimony of Mr. Chad Sweitzer and Mr. Shawn Shapiro.[1] Plaintiff states that she is willing to make an offer of proof prior to such testimony. Dkt. #60 at 4. Accordingly, the Court DENIES this motion, subject to objection at the time the subject testimony is offered.

> *3. Evidence Regarding Aspludh's Safety Policy and Joseph Mell's Alleged Safety Violations*

Defendant next moves to exclude testimony about Defendant's safety policies or any safety violations by Joseph Mell, on the basis that they are irrelevant to this employment case. Dkt. #54 at 5. Plaintiff responds that the evidence is relevant to Defendant's tolerance of policy violations. Dkt. #60 at 4. The Court disagrees with Plaintiff and GRANTS this motion.

///

///

---

[1] The Court notes that Plaintiff is withdrawing Ms. Sarah Lee as a witness in this case. Dkt. #60 at 4. Accordingly, the motion is moot with respect to Ms. Lee.

ORDER
PAGE - 4

*4. Plaintiff's Fact Witnesses Kathy Easton, Kirsti Muul and Sarah Lee*

Defendant next moves to exclude fact witnesses Kathy Easton, Kirsti Muul and Sarah Lee, on the basis that they were only identified for the first time in Plaintiff's Pretrial Statement. Dkt. #54 at 5-6. Plaintiff stipulates to their exclusion. Dkt. #60 at 5. Accordingly, this motion is GRANTED.

*5. Plaintiff's Relatives and Friends As Fact Witnesses*

Defendant next moves to exclude a number of Plaintiff's friends and family as fact witnesses, on the basis that they were not adequately disclosed prior to the discovery deadline. Dkt. #54 at 6-7. Plaintiff responds that the witnesses were adequately disclosed and that Defendant could have conducted discovery but chose not to do so. Dkt. #60 at 5-7.

The Court agrees with Defendant that generally stating that Plaintiff's "boyfriend, mother, father, brother and uncle," without more, does not comply with the requirements for Initial Disclosures, and those witnesses will be excluded. With respect to Johnny Brown, Ricky Boyer, Rina Blackstrom, Tina Blackburn, Kelly Peterson-Lalka, Julie Guyton and Tim Doll, and to the extent that none of these witnesses are Plaintiff's boyfriend, mother, father, brother or uncle, these witnesses will not be excluded. Although they were disclosed late in the discovery process, they were disclosed with their contact phone numbers and a description of what they may testify to. *See* Dkt. #55-4. Defendant does not explain any efforts to reach these witnesses or to obtain discovery extensions from Plaintiff if they could not do so. Accordingly, this motion is GRANTED IN PART and DENIED IN PART.

///

///

///

ORDER
PAGE - 5

*6. Videotaped Depositions*

Defendant next moves to exclude the use of certain video depositions other than for impeachment purposes. Dkt. #54 at 7-8. Plaintiff responds that the video depositions are for impeachment purposes only. Accordingly, this motion is DENIED AS MOOT.

*7. Expert Testimony on Legal Issues*

Defendant next moves to exclude both fact and expert witnesses from testifying about pure legal issues. Dkt. #54 at 8-9. Plaintiff responds that this motion is vague and does not cite to specific concerns. Dkt. #60 at 7. The Court acknowledge that neither expert witnesses nor lay witnesses are permitted to testify as to improper legal conclusions. However, the Court will make such a determination at the time of trial with respect to specific testimony offered by the parties. Accordingly, this motion is DENIED subject to objection at the time the subject testimony is offered.

*8. Photos Not Produced During Discovery*

Defendant next moves to exclude photos of Plaintiff and her family and friends which were never produced during discovery. Dkt. #54 at 9. Plaintiff responds that they are being offered as demonstrative exhibits only. Dkt. #60 at 7. As limited to demonstrative exhibits only, the Court DENIES Defendant's motion as MOOT.

*9. Evidence of Other Lawsuits and Settlements*

Finally, Defendant seeks an Order excluding evidence of settlements and other lawsuits. Dkt. #54 at 9. Plaintiff responds that such evidence is admissible to show notice. As with Defendant's "me too" motion, which appears to be related to this motion, the Court does not have enough information to make a determination with respect to the proffered testimony. Plaintiff has stated that she is willing to make an offer of proof prior to such testimony. Dkt. #60 at 4.

ORDER
PAGE - 6

Accordingly, the Court DENIES this motion, subject to objection at the time the subject testimony is offered.

## IV. CONCLUSION

Having reviewed Defendant's motions in limine, the opposition thereto, and the remainder of the record, the Court hereby ORDERS that Defendant's motions (Dkt. #54) are GRANTED IN PART AND DENIED IN PART as set forth above. Counsel shall inform the parties and their witnesses of the Courts rulings on these matters, and everyone shall abide by them when presenting evidence and testimony during trial.

DATED this 13th day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE