UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON,

    Plaintiff,

v.

ASPLUNDH TREE EXPERTS, CO.,

    Defendant.

CASE NO. C16-1694RSM

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motions In Limine. Dkt. #56. Defendant does not oppose several of Plaintiff's motions, but opposes others. Dkts. #56 and #58. For the reasons set forth herein, the Court now GRANTS IN PART AND DENIES IN PART Plaintiff's Motions In Limine.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude

ORDER
PAGE - 1

relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

*1. Attorney-Conducted Voir Dire*

In her first Motion In Limine, Plaintiff seeks an Order allowing one hour of attorney-conducted voir dire. Dkt. #56 at 2. As discussed at the Pretrial Conference, it is this Court's typical practice to allow attorneys to conduct voir dire. However, the Court will not allow an hour for each party. Instead, the Court will allow the parties 30 minutes each. Accordingly, this motion is DENIED AS MOOT.

*2. Exclusion of Defense of Reasonable Reporting Policies and Failure to Report*

Plaintiff next seeks an Order excluding any *Faragher-Ellerth* defense on the basis that Defendant failed to plead such an affirmative defense in its Answer to the Complaint. Dkt. #56 at 2-3. Defendant asserts that it is not relying on such a defense; however, it asserts that the facts underlying such a defense are relevant because they rebut claims of a hostile work environment. Dkt. #58 at 2-4. The Court agrees that the subject testimony is relevant and probative to the issue of vicarious liability. Accordingly, the Court DENIES this motion.

*3. Evidence of Collective Bargaining Agreement*

Plaintiff next moves to exclude the introduction of, or any reference to, a Collective Bargaining Agreement ("CBA") in this matter, on the basis that it is inadmissible hearsay and irrelevant. Dkt. #56 at 4. Defendant responds that the CBA is relevant to explaining the corrective action it took with respect to Mr. Mell, and that it should be allowed to reference the CBA for that purpose. Dkt. #58 at 5-6. However, Defendant does not object to excluding the

CBA as an exhibit. *Id.* The Court agrees with Defendant that references to the CBA are relevant to the issue of corrective action, and satisfy the governing Rules of Evidence. Accordingly, this motion is DENIED, except to the extent that neither party will introduce the CBA as an exhibit.

*4. Plaintiff's Medical Bills and Records*

Plaintiff next moves to exclude Plaintiff's medical records and bills unless such evidence is introduced through a competent medical expert. Dkt. #56 at 4-7. Defendant responds that the records are relevant to its damages defense, that Plaintiff has put her mental health condition at issue in this matter, and that both the medical and expert witnesses expected to testify at trial are qualified to introduce and discuss the records. Dkt. #58 at 6-9. However, Defendant does not object to the exclusion of medical bills. *Id.* at 9. For the reasons discussed by Defendant, the Court agrees that Plaintiff's medical records may be admissible through the identified witnesses and under Rule of Evidence 803(4) and (6). Accordingly, this motion will be DENIED.

*5. Prior Lawsuits and Complaints Against Asplundh*

Plaintiff next seeks an Order allowing evidence of other lawsuits and complaints against Defendant. Dkt. #56 at 7-8. This motion was addressed on Defendant's Motions In Limine. *See* Dkt. #54. As with Defendant's motions, the Court does not have enough information to make a determination with respect to the proffered testimony. Plaintiff has stated that she is willing to make an offer of proof prior to such testimony. Dkt. #60 at 4. Accordingly, the Court GRANTS this motion, subject to any objection raised by Defendant at the time the subject testimony is offered.

*6. Joe Mell Sr.'s Prior Policy Violations*

Plaintiff next seeks an Order allowing the introduction of Mr. Mell's prior policy violations. Dkt. #56 at 8. This issue was addressed on Defendant's Motions In Limine. *See* Dkt.

ORDER
PAGE - 3

#54 at 5. The Court has already determined that it will not allow such evidence. Accordingly, this motion is DENIED.

*7. Evidence of Lack of Prior Incidents*

Plaintiff next seeks an Order precluding evidence of a lack of similar incidents by Mr. Mell prior to this lawsuit. Dkt. #56 at 8-9. Defendant responds that this type of information is relevant to defend Plaintiff's claims of negligent hiring, training, supervision and retention, as well as to explain the corrective action taken. Dkt. #58 at 12-13. The Court agrees with Defendant. Further, to the extent that Plaintiff seeks to introduce other purported victims' testimony, such testimony cannot be evaluated at this time due to insufficient information. Accordingly, this motion is DENIED.

*8. Apologies or Expression of Remorse*

Plaintiff next moves for an Order excluding any reference to apologies or feelings of remorse on the part of Defendant. Dkt. #56 at 9. Rather than oppose this motion, Defendant responds by requesting evidence from Plaintiff of any such expressions not already produced by Plaintiff. Dkt. #58 at 13. Accordingly, this motion is GRANTED.

*9. Undisclosed Evidence*

Plaintiff next seeks an Order precluding the introduction of any previously requested, but undisclosed evidence. Dkt. #56 at 9. Defendant does not object as it does not plan to introduce such evidence. Dkt. #58. Accordingly, this motion is MOOT.

*10. Emails Between Rick Pitt and Shawn Shapiro*

Plaintiff next asks the Court to exclude emails between Rick Pitt and Shawn Shapiro on the basis that they are hearsay for which there are no exceptions in this context. Dkt. #56 at 9-

10. Defendant responds that the emails are relevant and admissible business records. Dkt. #58 at 13. The Court agrees with Defendant. Accordingly, this motion is DENIED.

*11. Testimony Regarding Asplundh's Justification for Plaintiff's Termination*

Plaintiff next asks the Court to preclude any testimony regarding Defendant's justification for terminating Plaintiff. Dkt. #56 at 10. The Court addressed this issue on Defendant's Motion In Limine. *See* Dkt. #54 at 2. On that motion, the Court found that Plaintiff should not be restricted from testifying about the circumstances of her termination from employment. Thus, Defendant cannot be precluded from presenting testimony about the same issue. Accordingly, this motion is DENIED.

*12. Evidence of Convictions, Misdemeanors and Other Bad Acts*

Plaintiff next seeks an Order excluding any evidence of her prior criminal convictions or other misdeeds as irrelevant and more prejudicial than probative. Dkt. #56 at 10-12. Defendant responds that this evidence is relevant to the determination of damages. Dkt. #58 at 14-15. The Court disagrees with Defendant. Criminal history is not the same as a history of drug use, particularly in this case where the conviction in question was for conspiracy to transport. The Court GRANTS IN PART this motion and excludes any evidence of prior convictions or arrests. With respect to Plaintiff's history of drug dealing, the Court agrees that information may be relevant to damages in the context of expert evaluations, and will reserve any specific ruling on that history unless and until it is offered at trial.

*13. Plaintiff's Drug Use*

Finally, Plaintiff asks the Court to exclude any evidence that she has used illicit drugs in the past, and currently occasionally uses marijuana, on the basis that such evidence is unfairly prejudicial. Dkt. #56 at 12. Defendant responds that such evidence is relevant to Plaintiff's

ORDER
PAGE - 5

ability to recover damages for the intentional infliction of emotional distress, and to the expert's opinions, which are based in part on this issue and an evaluation of Plaintiff's mental health. Dkt. #60 at 15-16. The Court agrees that Plaintiff's drug use, unlike any prior conviction, goes directly to her claim for damages and to her mental health, which she has put in issue in this case. Accordingly, such evidence will not be excluded, and this motion is DENIED.

### IV. CONCLUSION

Having reviewed Plaintiff's motions in limine, the opposition thereto, and the remainder of the record, the Court hereby ORDERS that Plaintiff's motions (Dkt. #56) are GRANTED IN PART AND DENIED IN PART as set forth above. Counsel shall inform the parties and their witnesses of the Courts rulings on these matters, and everyone shall abide by them when presenting evidence and testimony during trial.

DATED this 13th day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE