UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTANY EASTON.

    Plaintiff,

    vs.

ASPLUNDH TREE EXPERTS, CO..

    Defendant.

Case No. C16-1694RSM

**END OF TRIAL JURY INSTRUCTIONS**

DATED this _22nd_ day of March, 2018.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

-1-

### INSTRUCTION NO. 1
### Duty of the Jury

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all of the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**
**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3
## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1)  the sworn testimony of any witness;

2)  the exhibits which are received into evidence;

3)  any facts to which the lawyers agree; and

4)  any facts that I will instruct you to accept as proven.

**INSTRUCTION NO. 4**
**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(a) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(b) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(c) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(d) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 5
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 6**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case and any bias or prejudice;

5) whether other evidence contradicted the witness's testimony;

6) the reasonableness of the witness's testimony in light of all the evidence; and

7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testified about it.

**INSTRUCTION NO. 7**
**Expert Opinion**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 8
### Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### INSTRUCTION NO. 9
### Summary of Contentions

As I did at the start of the case, I will now give you a summary of Ms. Easton's contentions in this case. I will then provide you with detailed instructions on what Ms. Easton must prove to win on each of her contentions.

As I previously told you, Ms. Easton asserts that she was sexually harassed by her co-worker while employed as a flagger by Defendant. She specifically contends that she was discriminated against on the basis of her sex, subjected to a hostile work environment, and that Defendant negligently failed to supervise its employees. Ms. Easton has the burden of proving these claims.

Asplundh denies all of these claims.

Your job will be to decide whether or not Ms. Easton has proven her claims. If you decide in favor of Ms. Easton on any of her claims, then you will need to decide an amount of money to award Ms. Easton in damages.

-10-

**INSTRUCTION NO. 10**
**Retaliation Not at Issue**

You have heard testimony referencing alleged retaliation.   There is no claim for retaliation in this matter, and therefore you should not consider those references in reaching your verdict.

### INSTRUCTION NO. 11
### Agreed Facts

The parties have agreed to the following facts:

1.  Plaintiff, who is female, is 29 years old. She resides in Washington State.

2.  Defendant is a corporation headquartered in Pennsylvania that does business in Washington State.

3.  Defendant is a company that specializes in tree pruning vegetation and management for utilities and government agencies.

4.  The Grays Harbor Public Utilities District (the "PUD") entered into a "time and materials" contract ("Contract") with Defendant for Vegetation Management Services and Emergency Storm Response (the "Project").

5.  Defendant employed Plaintiff as a flagger as of September 22, 2014.

6.  Robert Fly was the Project General Foreman and Plaintiff's and Joseph Mell's supervisor.

7.  Following the conclusion of Defendant's investigation in early September 2015, Defendant decided that there needed to be disciplinary action.

8.  On September 25, 2015, Asplundh disciplined Mr. Mell with an unpaid week's suspension and re-training on Asplundh's no harassment policy.

9.  Mr. Fly was also disciplined with a written notice on September 25, 2015.

10. After the investigation and upon Plaintiff's rehire, Plaintiff was put on a different crew and Mr. Mell was restricted from interacting with her.

These facts are now conclusively established.

**INSTRUCTION NO. 12**
**Corporations and Partnerships – Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 13**
**Liability of Corporations – Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

-14-

**INSTRUCTION NO. 14**
**Workplace Harassment – General**

Harassment on the basis of sex is one type of unlawful employment discrimination.

## INSTRUCTION NO. 15
### Sexual Harassment – Hostile Work Environment – Burden of Proof

To establish her claim of harassment on the basis of gender, Ms. Easton has the burden of proving each of the following propositions:

(1) That there was language or conduct of a sexual nature that occurred because of Ms. Easton's gender;

(2) That this language or conduct was unwelcome in the sense that Ms. Easton regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Ms. Easton's employment; and

(4) Either:

    (a) That an owner, manager, partner, or corporate officer of Asplundh participated in the conduct or language; or

    (b) That management knew, through complaints or other circumstances, of this conduct or language, and Asplundh failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

    (c) That management should have known of this harassment, because it was so pervasive or through other circumstances, and Asplundh failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Easton on this claim. On the other hand,

if any of these propositions has not been proved, your verdict should be for Asplundh on this claim.

### INSTRUCTION NO. 16
### Manager – Definition

A "manager" is a person who has the authority and power to affect hours, wages, and working conditions. "Management" means one or more managers.

## INSTRUCTION NO. 17
### Negligent Supervision – Employer's Duty

An employer owes a duty to foreseeable victims to prevent an employee from endangering others. An employer is generally not liable, however, unless the employer knew, or in the exercise of reasonable care should have known, that the employee presented a risk of danger to others.

## INSTRUCTION NO. 18
### Negligent Supervision – Burden of Proof

Ms. Easton claims that she was harmed by Mr. Mell and that Asplundh is responsible for that harm because Asplundh negligently supervised Mr. Mell. To establish her claim for negligent supervision, Ms. Easton has the burden of proving each of the following propositions:

1. Mr. Mell acted outside the scope of his employment with Asplundh;

2. Mr. Mell presented a risk of harm to Ms. Easton ;

3. Asplundh knew or should have known in the exercise of reasonable care that Mr. Mell posed a risk to others; and

4. Asplundh's failure to supervise Mr. Mell was the proximate cause of injury to Ms. Easton.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Easton on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Asplundh on this claim.

### INSTRUCTION NO. 19
### Damages – Employment Discrimination

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for ~~the~~ Ms. Easton you must determine the amount of money that will reasonably and fairly compensate her for such damages as you find were proximately caused by the acts of Asplundh.

If you find for Ms. Easton, you should consider the following elements is assessing damages:

The emotional harm to Ms. Easton caused by Asplundh's conduct, including emotional distress; loss of enjoyment of life; humiliation; pain and suffering; personal indignity; embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 20**
Aggravation of Pre-Existing Condition

If you find that:

(1) before this occurrence Ms. Easton had a pre-existing mental condition that was causing pain or disability, and

(2) because of this occurrence the condition or the pain or the disability was aggravated, then you should consider the degree to which the condition or the pain or disability was aggravated by this occurrence.

However, you should not consider any condition or disability that may have existed prior to this occurrence, or from which Ms. Easton may now be suffering, that was not caused or contributed to by this occurrence.

-22-

### INSTRUCTION NO. 21
### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 22
## Communications with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 23**
**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.